## EDUCATORS MUT. LIFE INS. CO. OF AMERICA v. SKINNER.

### No. 3767.

Court of Civil Appeals of Texas. Beaumont.

Dec. 12, 1940.

Nelson Scurlock and Rawlings & Sayers, all of Fort Worth, for appellant.

Callaway & Callaway, of Brownwood, for appellee.

O'QUINN, Justice.

This appeal was prosecuted by appellant, Educators Mutual Life Insurance Company of America, to the Austin Court of Civil Appeals, from the judgment of the district court of Brown county, overruling its plea of privilege to be sued in Tarrant county. The case is on our docket by order of transfer by the Supreme Court.

The cause of action plead by appellee, G. C. Skinner, against appellant was for damages for breach of contract. Appellee alleged that on or about the 10th day of May, 1937, he entered into a written contract with appellant to serve as its district manager in Brown county and thirteen other Texas counties. By his controverting affidavit, appellee claimed venue in Brown county under Subdivision 23 of Article 1995 that his cause of action against appellant, a corporation, arose in Brown county.

If it be conceded that appellee had a lawful contract with appellant, good for twelve months or more, and if it be further conceded that the contract was executed in Brown county, and was to be in part performed in Brown county, yet appellant contends that under the evidence it did not unlawfully breach the contract, in other words that it lawfully, under the terms of the contract, discharged appellee.

That contention is sustained in two respects:

(a) By the terms of the contract, appellee was obligated to produce monthly the following amount of business:

| "Month | Amount Required |
|---|---|
| 6/10/37 to 7/10/37 | $15,000 |
| 7/10/37 to 8/10/37 | 20,000 |
| 8/10/37 to 9/10/37 | 20,000 |
| 9/10/37 to 10/10/37 | 20,000 |
| 10/10/37 to 11/10/37 | 20,000 |
| | $95,000" |

On the undisputed evidence, appellee produced only the following amount of business:

| "Amount Produced | Deficiency |
|---|---|
| $ 3,000 | $12,000 |
| 3,500 | 16,500 |
| 3,000 | 17,000 |
| 1,000 | 19,000 |
| 2,000 | 18,000 |
| $12,500 | $82,500" |

Under the contract, for the five months named appellee was obligated to produce $95,000 in business; he produced only $12,500; there was a breach of the contract to the extent of $82,500.

(b) By the terms of the contract, appellee was obligated to give all of his time to appellant; under the undisputed evidence appellee carried an agency with another company, and from time to time wrote business for that company.

From the statement made, it clearly appears that appellee breached his contract and, on that breach, appellant had the right to discharge him.

■ The law on these facts, as stated in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, is that appellee rested under the burden of establishing by evidence a cause of action against appellant for breach of contract; in that case the court said: "The substance of this exception of article 1995 is that venue may not be maintained in a county not the domicile of the defendant unless the crime, offense, or trespass upon which the suit is based was committed in such county. Proof of the fact of the commission of the crime, offense, or trespass is as essential as is proof of the place where it was committed. The commission of the crime, offense, or trespass is under the terms of this exception a part of the venue facts."

■ The lower court tried this case on the theory that appellee was required to show only that if he had a cause of action it arose in Brown county, and that he was not required to introduce evidence establishing the cause of action. On this point appellant makes the following statement:

"It is apparent from the record that the trial court acted upon the erroneous theory that the plaintiff was not required to prove that the transaction constituted a cause of action against the defendant insurance company. In the order entered by the court overruling the plea of privilege, it is stated that the court 'is of the opinion that if plaintiff has a cause of action, it arose in Brown County, which issue would be a jury issue, and, therefore, the said plea of privilege is not well taken and should be in all things overruled.' Also, in the codicil written by the court on the bill of exception, it is stated:

" 'At the conclusion of the evidence, it appeared to the court that if the plaintiff had a cause of action, it accrued in Brown County, thereby conferring venue in Brown County; that whether or not the plaintiff had a cause of action involved the fact issue of whether or not the defendant had a right to terminate the contract, and this in turn involved the fact issue under the pleading and evidence of whether or not the defendant had waived certain provisions in the contract, and that the determination of these issues determined the merits of the suit, which is not proper under a plea of privilege hearing.' "

That the court was in error in its theory of the case is sustained by the following quotation from Compton v. Elliott, supra:

"By the second question certified is presented appellant's contention that the plea of privilege should have been overruled, because on the hearing he discharged the burden of proof resting upon him, when he introduced evidence which prima facie proved all of the essential elements of the crime or offense of malicious prosecution and that the crime or offense was committed in the county where the suit was filed. His position is that, while he had the burden of proving the venue fact or facts, he was not required to prove them in the ordinary manner, but merely to introduce enough evidence to prove them prima facie, or to raise an issue, and that evidence offered by the defendant in contradiction of plaintiff's prima facie case should be disregarded.

"This contention we cannot sustain, although it is supported by decisions of some of the Courts of Civil Appeals. As has been shown, article 2007 is construed to have the effect of placing upon the plaintiff the burden of proving the facts relied upon by him to bring the case within the exception. The decisions of the Supreme Court, which have been cited above, announce this rule without qualification. In so doing, they carry the reasonable, if not the necessary, implication that plaintiff must prove the facts in the usual way, which means that the defendant is to be permitted by his evidence to dispute and contradict plaintiff's evidence. * * *

"It is true that this construction of the statute means that the issue as to the commission of the crime or offense may be twice tried, once in the hearing of the plea of privilege and once in the trial on the merits, with added expense and delay and sometimes with inconsistent results. But proof of the venue facts is the price which the plaintiff pays for the benefits which he expects to derive from the exception. He may avoid the hardship of twice proving that the crime or offense was committed by filing his suit in the county of the defendant's residence."

Appellee has filed no brief. From appellant's brief it reasonably appears that appellee may be able to establish against appellant the issues of waiver and condonement, not plead on this appeal. So, our conclusions herein are not intended to foreclose appellee's rights on a trial on the merits.

From what we have said above, it follows that the judgment of the lower court overruling the plea of privilege should be reversed and the cause remanded to the lower court with instructions to transfer this cause to the district court of Tarrant county, and it is accordingly so ordered.

Reversed and remanded with instructions.