**T. A. MITCHELL et al., Appellants,**

v.

**Sarah Ann ELLIS, Appellee.**

No. 16468.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 20, 1963.

Rehearing Denied Jan. 17, 1964.

**334**

Simon, Crowley, Wright, Ratliff & Miller, and George A. Crowley, Fort Worth, for appellants.

Crumley & Hooper, Frank E. Crumley, Roswald E. Shrull and R. E. Rouer, Fort Worth, for appellee.

LANGDON, Justice.

Personal injury suit. The appellee, who was the plaintiff below, sued the appellant T. A. Mitchell for damages due to personal injuries allegedly received in an automobile accident on September 12, 1960. It was alleged that the defendant T. A. Mitchell was liable to the plaintiff because of certain negligent acts committed by the defendant's employee, Alva Drane, while allegedly in the scope and course of his employment for the defendant. The case was submitted to the jury upon special issues.

Only one question is presented for review. Was there any evidence from the plaintiff's standpoint to raise a fact issue for the jury as to whether Alva Drane was acting within the course and scope of his employment when the collision occurred? The question was raised in the trial court by defendant T. A. Mitchell's motion for judgment non obstante veredicto.

The motion was overruled and judgment entered for the plaintiff based upon the jury's findings to the special issues. This action of the court is assigned as error by the defendant who contends that the undisputed evidence established as a matter of

law that at the time of the accident in question the defendant's employee, Alva Drane, had deviated from the scope and course of his employment and was on a mission personal to himself and therefore, defendant was not liable under the doctrine of respondeat superior. In our opinion the contention of defendant is well taken. For the reasons hereinafter stated the judgment is reversed and rendered.

The material facts in the case which are undisputed reflect that the defendant T. A. Mitchell is engaged in the operation of a neighborhood lumberyard business. Alva Drane, a colored boy, is his only fulltime employee. Prior to the accident T. A. Mitchell knew that Alva Drane smoked and Drane had Mitchell's implied consent to turn aside briefly from his work to purchase cigarettes. Just prior to the accident in question Alva Drane was driving defendant's flatbed truck from a dumping area to the lumberyard. It is agreed that the route taken by Drane was a reasonably direct one. When several blocks from the lumberyard, Alva Drane pulled from the lane of traffic over to the shoulder of the road and stopped to get some cigarettes at a nearby liquor store. It is undisputed that the cigarettes were for his personal use. The jury absolved Drane of any negligence in parking the truck. It found he was negligent in crossing the street at the time he did and that he was negligent in failing to keep a proper outlook after he dismounted from the truck. It is undisputed that Drane's only object in visiting the liquor store was to purchase cigarettes for his own personal use and that he was crossing the street on the way to the liquor store when the accident occurred.

"When a servant turns aside, *for however short a time,* (emphasis added) from the prosecution of his master's work, and engages in the doing of an act not in furtherance of the master's business, but to accomplish some purpose of his own, the relation of master and servant is temporarily suspended, and the master is not liable for the servant's acts during the period of that suspension. A servant who turns aside from the master's work to engage in an affair of his own ceases to act for the master and responsibility for what the servant then does in pursuing his own business or pleasure rests on himself alone." 38 Tex.Jur. 2d, pp. 512, 513, § 252 and authorities cited. Southwest Dairy Products Co. v. De Frates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854; Williams v. Roney, Tex.Civ.App., 275 S.W.2d 537, writ ref., n. r. e.

█ In the absence of evidence to the contrary, the fact that Drane was driving the defendant's truck together with the fact that he was regularly employed by him was sufficient to raise a presumption that he was acting within the course and scope of his employment at the time of the collision. Hudiburgh v. Palvic, 274 S.W.2d 94 (Tex. Civ.App.), writ ref., n. r. e. and cases cited therein.

█ This presumption however was rebutted or dispelled by testimony which was clear, positive and uncontradicted to the effect that Drane had abandoned his master's mission and was engaged in one exclusively his own when the accident occurred.

█ The presumption is not evidence and is not to be regarded as having raised an issue of fact for the jury's determination when it is met by positive rebutting proof. Hudiburgh v. Palvic, supra.

"In order for a third person to recover damages from a master for the negligence of his servant, the burden of proof rests on the plaintiff to show by a preponderance of evidence that the servant was acting within the scope of authority given him by the defendant, and the burden does not shift to the master during the trial. Proof that a servant's act was done in the course and scope of his employment necessarily requires that any suggestion by the evidence that the act was done while he was on a purely personal errand of his own shall be countered and overcome by evidence." 38

Tex.Jur.2d, p. 514, § 254 and authorities cited.

For an act to be in the course and scope of a servant's employment it is necessary that, (1) it be done within the scope of the general authority of the servant, (2) in furtherance of the master's business, and (3) for the accomplishment of the object for which the servant is employed.

Proof of such act necessarily requires that any suggestion by the evidence that the act was done while the servant was on a purely personal errand of his own be countered and overcome by evidence. 38 Tex. Jur.2d, p. 514, supra. See also Hudiburch v. Palvic, supra, and Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, writ refused.

In our opinion the plaintiff in this case failed to meet the burden of proof required of her. The uncontradicted evidence reflects that at the time of the accident in question the employee Drane was engaged in a purely personal errand of his own. He was doing nothing to further the master's business or to accomplish the object for which he was employed. His master's business was at a complete standstill while Drane attended to his own pleasures.

It is immaterial that the act in question occurred during normal working hours or that the employer did not object to his employee Drane turning aside from his employment to purchase cigarettes. It would appear rather far-fetched to say that some benefit would flow to the employer because his employee was more contented when permitted to smoke and thus his purchase of cigarettes did not amount to a cessation of his employment. See Bresnan v. Republic Supply Co., Tex.Civ.App., 63 S.W. 2d 1105, writ refused, and Galveston, H. & S. A. Ry. Co. v. Currie, 1906, 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,N.S., 367.

Since the record in this case, without contradiction, reflects that the employee Drane had turned aside from his employment to

accomplish some purpose of his own it necessarily follows that the learned trial judge erred in overruling the defendant T. A. Mitchell's motion for judgment non obstante veredicto. The judgment against T. A. Mitchell is accordingly reversed and judgment here rendered that plaintiff take nothing as against said defendant.

Reversed and rendered.