John W. SMITH, Sr., and John W. Smith, Jr.,
Appellants,

v.

Marva Ann JONES, Appellee.

No. 6727.

Court of Civil Appeals of Texas.

Beaumont.

July 1, 1965.

Rehearing Denied Sept. 8, 1965.

Orgain, Bell & Tucker, Beaumont, for appellants.

Stephenson, Stephenson & Thompson, Orange, for appellee.

HIGHTOWER, Chief Justice.

This is an appeal from an order overruling separate pleas of privilege urged by appellants, John W. Smith, Sr., and John W. Smith, Jr.

Plaintiff, Marva Ann Jones, brought suit in the District Court of Orange County, Texas, against Tary Kelly Owens, James Tartt, John W. Smith, Sr., and John W. Smith, Jr., seeking damages for personal injuries alleged to have been sustained on January 20, 1962, when the vehicle in which she was a passenger and operated by Fred L. Mitchell, collided with a vehicle allegedly driven by John W. Smith, Jr., and owned by John W. Smith, Sr. Defendant Smith's vehicle was alleged to have been pushing a 1957 Plymouth operated by Tary Kelly Owens and owned by James Tartt. The accident occurred in the State of Louisiana. All defendants, with the exception of James Tartt, were alleged to be, and they were, at all times residents of Jefferson County, Texas. Defendant James Tartt was the only Orange County resident.

Each Smith defendant timely filed separate pleas of privilege to be sued in Jefferson County. The pleas were duly controverted, plaintiff claiming venue in Orange County under Art. 1995, Section 4, Vernon's

Ann.Civ.St., on the ground that James Tartt was a resident of Orange County, and the suit could be properly maintainable against all defendants in such county. The pleas were overruled.

■ To maintain venue in Orange County against appellants' pleas of privilege under Art. 1995, Section 4, supra, it is well settled that appellee had to both plead and prove a bona fide cause of action against the resident defendant, James Tartt. King v. Jones, Tex.Civ.App., 307 S.W.2d 851.

Plaintiff alleged that the accident occurred in the State of Louisiana at approximately 3 a. m. when she was a passenger in a 1959 Ford driven by Fred L. Mitchell, which ran into the rear of a 1960 Mercury automobile driven by appellant, John W. Smith, Jr., and owned by appellant, John W. Smith, Sr. She alleged that this Mercury automobile was pushing a 1957 Plymouth "being operated by the defendant, Tary Kelly Owens" and owned by the defendant, James Tartt. It was alleged that James Tartt was the owner of the 1957 Plymouth and that " * * * the said Tary Kelly Owens was at all times herein mentioned a careless and reckless driver of said Plymouth automobile; that James Tartt, knowing that Tary Kelly Owens was such a careless and reckless driver of said automobile, negligently allowed and permitted the said Tary Kelly Owens to drive said automobile; that at and immediately prior to the time the collision hereinabove referred to, the defendant, Tary Kelly Owens, was driving said automobile with the consent, knowledge and permission of the defendant, James Tartt. At the times herein mentioned, defendant Tary Kelly Owens was driving and operating said automobile under the express direction and for the use and purpose of the defendant, James Tartt, the owner thereof, who at the time herein mentioned was actually seated in said automobile with the defendant, Tary Kelly Owens." It was further plead that all the acts and omissions alleged constituted negligence and the proximate cause of appellee's injuries.

It was stipulated that Tartt was the owner of a 1957 Plymouth which was involved in an accident in Louisiana on January 20, 1962.

Fred Leon Mitchell, the driver of the car in which appellee was riding, was the only witness appearing. He testified that he and appellee were in Louisiana returning to Orange on January 20, 1962, at about 2 a. m. when the collision occurred; that the visibility was poor and that before he realized it, he recognized a car in front of him and struck it. This car, which was pushing another car under 15 miles per hour, did not have any warning lights, tail lights or stop lights on it. The weather was foggy and it probably had been raining. Further, he stated on direct:

"Q. Can you tell me who all was in the front cars, or the two cars?

"A. I don't know who was in which car but there were three young men there. From what I gathered, the car that I actually hit was pushing the car that belongs to Tartt.

"Q. Did you talk to these boys at the scene of the accident?

"A. Yes, briefly, because I had to leave to go to the hospital and I managed to find out that they were driving the car and that they lived in Port Arthur, and that they were trying to help Tartt, whose car had stopped for some reason or other.

"Q. You found this out, there talking to the boys at the scene of the accident?

"A. Uh-huh. And then I left and went to the hospital.

* * * * * *

"Q. Did you ascertain, from talking to the boys, who was driving the cars?

**360** 

"*MR. TUCKER*: We object to that as being hearsay, Your Honor.

"*MR. GRAVES*: If I may rephrase the question, I will ask if you found out at the scene of the accident, who was driving the two cars?

"*MR. TUCKER*: We'll still object to it as hearsay.

"*MR. GRAVES*: I will submit it's part of the res gestae, it happened at the scene of the accident.

"*THE COURT*: It will be overruled.

"THE WITNESS:

"A. I don't recall.

"Q. You don't recall who was driving which car?

"A. No.

"Q. But you did ascertain James Tartt was there and he owned one of the cars?

"A. One of the cars."

██ It is obvious from the quoted portion of appellee's pleading that she sought to establish liability of defendant Tartt on the theory of negligent entrustment of his automobile to defendant Owens. The testimony of Mitchell fails to establish such to have been the case. It did establish that Tartt was at the scene of the accident and that he owned one of the automobiles involved. Also, it established that two other young men were at the scene of the accident and that they had been driving one or both of the cars involved. It failed to establish that defendant Owens was involved in the collision by way of Tartt's permission, consent or negligence, as alleged, or otherwise. Thus, appellee has failed to meet her burden of proof under her pleaded theory of negligent entrustment. We pretermit discussion of other errors referred to in appellants' brief, as they need not again occur.

We hold that the trial court erred in overruling each of the appellants' pleas of privilege. Rather than reverse and render the case as prayed for by appellants, we reverse and remand the same to the trial court, it appearing that the case was not there fully developed.

Reversed and remanded.