Jack L. SMITH, Appellant,

v.

Anita GARZA et al., Appellees.

No. 15347.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 19, 1968.

F. Walter Conrad, Jr., Finis E. Cowan, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellant.

Richard Thornton, Galveston, Freeman Bullock, Houston, Ted Dunnam, Port Lavaca, of counsel, for appellees.

COLEMAN, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee sued Tenneco Oil Company, a corporation maintaining its principal office in Houston, Harris County, Texas, and Jack L. Smith,

a resident of Calhoun County, Texas, and an employee of Tenneco. The appeal is from the order overruling the plea of privilege of Jack L. Smith. Plaintiffs' Controverting Affidavit to the plea of privilege relies upon Exceptions 4 and 29a to Article 1995, Vernon's Ann.Civ.St.

This is a suit for damages brought under the wrongful death act as the result of an automobile accident resulting in the death of Lorenzo Garza. The plaintiffs are the wife and children of the deceased. The accident occurred in Port Lavaca, Texas, after dark on March 25, 1965. A pickup truck, owned by Tenneco and being operated by Jack L. Smith, was struck from behind by a car driven by the deceased. After the collision Smith failed to stop and render aid to the occupants of the car, which overturned in a ditch. The truck was equipped with a two-way radio, fire extinguisher, chain hoist, and various tools. Smith testified that he was hit very hard and that his truck was knocked out of gear. When he came to himself, he put the truck in gear and the motor started. He drove on to a bowling alley that he knew was open and went in to use the telephone. While attempting to call the police, he saw a police car pass. He did call a Company representative. The owner of the bowling alley then drove him back to the scene of the collision. This took ten to twelve minutes. When he arrived the car was burning fiercely, and someone was attempting to put out the fire. He did not see the car before the collision and did not know anyone was in the car when he saw it on his return. He did not attempt to render assistance when he returned. He did not stop and render aid at the time of the collision because he did not think his truck would start if he allowed the motor to die. He thought he should go to get help.

He testified that he was employed by Tenneco as a regular employee. He was paid a monthly salary. He worked eight hours a day and five days a week. He was subject to call at any time, but was paid extra for overtime work. The truck was owned by Tenneco. He was permitted to use it as he saw fit. He and his wife were returning home from a trip to Corpus Christi. They left Port Lavaca on Saturday. This was his day off unless he was called to do overtime work. He and his wife participated in a bowling tournament. After the tournament they had something to eat and had driven straight back to Port Lavaca. The accident occurred just inside the city limits.

He was employed as a pipeline gauger, and worked on about two hundred miles of pipe line. He used his home as the base of operations for his work. Tenneco did not have a plant in Port Lavaca. The main plant, to which he reported, was located in La Porte, Texas. He could not reach La Porte with the two-way radio. He communicated with the plant by telephone, and was given instructions concerning overtime work by telephone.

Plaintiffs' Original Petition was made a part of the controverting petition. An amended petition was filed before the plea of privilege was heard, but it was not incorporated, by reference or otherwise, in the controverting affidavit. Paragraph V of the Plaintiffs' Original Petition reads as follows:

"That the damages and injuries resulting from said actions and omissions on the part of the Defendant, and each and both of them, jointly and/or severally, were proximately caused by the negligence of said Defendants, and each and both of them, in that Defendant, TENNECO OIL COMPANY and its agents, servants and employees, acting in the course and scope of their employment, and Defendant, JACK L. SMITH, proximately caused or contributed to the cause, injuries, damages, and ultimate death of LORENZO GARZA, SR., and resulting damages to ANITA GARZA

and the two minor children, in the following particulars, among others, to-wit:

"a.) In failing to stop and render all reasonable and necessary assistance to the occupants of said Ford automobile, in violation of Article 1150 of the Penal Code of Texas;

"b.) In leaving and vacating the scene of the accident;

"c.) In failing to use all reasonable means at his disposal, consistent with his own safety and the safety of the truck in which he was driving and the occupant of said truck to extricate and/or assist the occupants of and from said 1956 Ford;

"d.) In taking away from the scene of the accident a fire extinguisher, and other fire fighting equipment;

"e.) In failing to use that degree of care which an ordinarily prudent person, in the exercise of ordinary care, would have used under the same or similar circumstances."

The cause of action alleged against the company is based on the doctrine of respondeat superior.

Subdivision 4 of Art. 1995, V.A.C.S., provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.

■ Subdivision 29a of Art. 1995, V.A.C.S., provides that whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

It is settled that Subdivision 29a relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of the venue statute. It is purely ancillary to other exceptions to the statute and can never be invoked to fix venue in a given county independent of some one of these exceptions. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1943); Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944); Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956).

■ Venue in Harris County must be sustained, if it can be, under Subdivision 4. Smith v. Jones, 393 S.W.2d 358 (Beaumont Civ.App.1965); Miles v. Meadows, 309 S.W.2d 284 (Dallas Civ.App.1958). In Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Com.App. 1936), opinion approved, the court said:

"* * * another venue fact which the plaintiff is required to plead and prove has been added to exception 4 by judicial construction. It is that the plaintiff to prevent the change of venue must also plead and prove that he has in fact a cause of action against the resident defendant. * * *

"* * * the rule has become so well established as a part of the procedural law of the state that it should not be changed without legislative action. The cause of action proven must be the one pleaded by the plaintiff."

■ It is appellant's contention that no cause of action against Tenneco, the resident defendant, was established because there was no evidence that Jack L. Smith was acting in the course and scope of his employment at the time of this accident. While Jack L. Smith was subject to call at any time, there is no evidence that he had been called for overtime work prior to the accident. The mere fact that he was subject to call does not establish that he was acting in the course of his employment at the time of the accident. Thomas v. Trav-

elers Insurance Company, 423 S.W.2d 359 (El Paso Civ.App.1968, writ refused). Nor does the fact that he was driving a vehicle owned by his employer with the permission of the employer establish that he was acting in the course and scope of his employer's business. Thannisch Chevrolet Co. v. Kline, 134 S.W.2d 433 (Ft. Worth Civ.App.1939, error refused); Mitchell v. Ellis, 374 S.W.2d 333 (Ft. Worth Civ.App.1963, error refused).

In Mitchell v. Ellis, supra, the court said:

"In the absence of evidence to the contrary, the fact that Drane was driving the defendant's truck together with the fact that he was regularly employed by him was sufficient to raise a presumption that he was acting within the course and scope of his employment at the time of the collision. Hudiburgh v. Palvic, 274 S.W.2d 94 (Tex.Civ.App.), writ ref., n.r.e. and cases cited therein.

"This presumption however was rebutted or dispelled by testimony which was clear, positive and uncontradicted to the effect that Drane had abandoned his master's mission and was engaged in one exclusively his own when the accident occurred.

"The presumption is not evidence and is not to be regarded as having raised an issue of fact for the jury's determination when it is met by positive rebutting proof. Hudiburgh v. Palvic, supra.

" 'In order for a third person to recover damages from a master for the negligence of his servant, the burden of proof rests on the plaintiff to show by a preponderance of evidence that the servant was acting within the scope of authority given him by the defendant, and the burden does not shift to the master during the trial. Proof that a servant's act was done in the course and scope of his employment necessarily requires that any suggestion by the evidence that the act was done while he was on a purely personal errand of his own shall be countered and overcome by evidence.' 38 Tex.Jur.2d, p. 514, § 254 and authorities cited.

"For an act to be in the course and scope of a servant's employment it is necessary that, (1) it be done within the scope of the general authority of the servant, (2) in furtherance of the master's business, and (3) for the accomplishment of the object for which the servant is employed.

"Proof of such act necessarily requires that any suggestion by the evidence that the act was done while the servant was on a purely personal errand of his own be countered and overcome by evidence. 38 Tex.Jur.2d, p. 514, supra. See also Hudiburgh v. Palvic, supra, and Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, writ refused."

■ The testimony of Smith to the effect that he was not working at the time of the accident, but was purely on a pleasure trip, was not controverted by appellees. There is no evidence that Smith was in the course and scope of his employment at the time of the collision so as to raise an issue as to the liability of Tenneco for the damage caused by the negligence of its employee under the doctrine of respondeat superior, even assuming that the evidence raised issues of fact as to negligence on the part of Smith constituting a proximate cause of the injuries suffered by appellees. Chatwell v. Baker Oil Tools, Inc., 344 S.W.2d 700 (Houston Civ.App.1961). The controverting affidavit, and the original petition made a part thereof, do not allege negligence on the part of Tenneco independent of that of its employee Jack L. Smith.

The Trial Court erred in denying the plea of privilege of the defendant Smith. The judgment of the Trial Court is reversed and as to him the cause is ordered severed and transferred to the District Court of Calhoun County, Texas, Associate Justice Peden not participating.