**C. M. STOVER, Appellant,**

v.

**CONCRETE SAWING AND SEALING CORPORATION et al., Appellees.**

**No. 16986.**

Court of Civil Appeals of Texas.

Fort Worth.

March 14, 1969.

Rehearing Denied April 11, 1969.

Lipscomb & Renfro, and Tom Renfro, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, and William B. David, Fort Worth, for appellees.

## OPINION

LANGDON, Justice.

The appellant's motion for rehearing is granted, and our opinion of January 31, 1969, is hereby set aside and the following substituted in lieu thereof as the opinion of the Court.

The plaintiff, C. M. Stover, sued Don Bowden and Concrete Sawing and Sealing Corporation for personal injuries sustained by him when he was struck by a pickup truck driven by Billy Jackson, who, it was alleged, was acting within the course and scope of his employment for the defendants. (There were other defendants originally not necessary to mention herein.)

The defendants filed motion for summary judgment based on their contention that Billy Jackson was not in the scope of employment for the defendants on the occasion in question but was engaged on a personal mission of his own. This motion was supported by affidavit of Billy Jackson, the driver, and a deposition by Clayton J. Cooper, who is a business partner and brother-in-law of defendant Bowden.

The plaintiff resisted the motion for summary judgment by affidavits and by various items of documentary evidence.

The motion was granted and summary judgment entered for defendant; hence this appeal.

Had plaintiff moved for summary judgment the motion would have been denied because the court would, for summary judgment purposes, have to accept the testimony of defendants' two witnesses that the driver was on a personal mission. Or had the case been tried on the merits with the fact finder believing defendants' witnesses, judgment for defendants would have been required.

■ However, since the defendants moved for summary judgment the plaintiff did not have to prove anything. He merely had to offer enough evidence to show that a probable issue of material fact existed.

This placed the burden on defendants in the summary judgment proceedings to prove that, as a matter of law, the driver was on a personal mission.

■ It failed to meet this burden because it had to rely upon the affidavits of the two interested witnesses. For summary judgment purposes it must be assumed that a fact finder would disbelieve the two interested witnesses.

Since the defendant failed to prove, as a matter of law, that the driver was on a personal mission, the evidence must all be regarded in the light most favorable to plaintiff to determine whether a probable issue was raised as to the driver's being in the scope of his employment when the accident occurred.

■ The affidavits of plaintiff were sufficient to raise such an issue.

While the affidavits and other proofs submitted by plaintiff contained much direct and circumstantial evidence supporting his contention that Jackson was in fact working in the course of his employment, we think the following brief summary is sufficient to show that plaintiff raised the issue of scope of employment:

It was undisputed that Jackson was a regular employee of defendants. By affidavits plaintiff established, for summary judgment purposes, that at the time and on the occasion Jackson had on the day in question commenced his work for defendants; that part of his duties included running errands for the defendants in a truck; the truck he was operating had been used in the business of defendants both in the past and on the morning of the collision; once the work day had begun, employees of defendants were not free to come and go as they chose; Jackson was seen by other employees coming from the restricted work area immediately before the collision occurred.

In our opinion the brief summary above, with permissible inferences, is sufficient to show that the fact issue of scope of employment was raised by the plaintiff.

■ To grant the summary judgment the court had to pass on the credibility of the witnesses and the weight to be given their testimony. This is improper in a summary proceeding.

The two cases relied upon by defendants, i. e., Hudiburgh v. Pavlic, Tex.Civ.App., 274 S.W.2d 94, and Mitchell v. Ellis, Tex. Civ.App., 374 S.W.2d 333, do not require affirmance of the judgment. The law announced in both cases supports the plaintiff's position since the affidavits by plaintiff meet the requirements specified in those cases.

By facts and circumstances the plaintiff has discredited the testimony of the interested witnesses to the effect that the driver had not started to work and that he was on a personal mission.

By facts and circumstances the plaintiff raised, for summary judgment proceedings, issues as to whether defendants' driver was working in the course and scope of his employment when the accident occurred.

The judgment is reversed and the case remanded for a trial on the merits.

MASSEY, C. J., dissents.

MASSEY, Chief Justice (dissenting).

The following was the original opinion of the Court on January 31, 1969. Finding myself unable to agree with the conclusion of my brethren as indicated by what is now the official opinion, and unable to agree with judgment of remand for a trial on the merits, such is filed as my dissent.

The question on appeal is the propriety of summary judgment granted by the trial court upon motion of a defendant. T.R. C.P. 166-A, "Summary Judgment".

The question is to be resolved by the test of whether the defendant has successfully foreclosed existence of a fact issue to be tried upon the matter of agency of him who is claimed to have been defendant's servant at the time of the occurrence of negligent tort causing plaintiff's injuries. If defendant is liable to

plaintiff it is because of application of the doctrine of *respondeat superior*.

The point of the collision between plaintiff, a pedestrian, and the truck owned and operated by the tort feasor was at what we will call point "A", on a public highway immediately outside an airport. The tort feasor was a regular employee of the defendant. Under evidence in the record, by affidavits and depositions, it was either established or made factual issues that all employees of the defendant congregated within the premises of the airport at what we will call point "B". Upon starting a day's work they, and each of them, would depart therefrom and go to whatever location upon the airport runways where repair or maintenance work was being conducted under the defendant's subcontract. Either raised as fact issues or indisputably established were that:

1. There were occasions at antecedent times when defendant's employee would use a truck and run errands, etc., for his employer;

2. On day of plaintiff's accident the defendant's employee had reported for work, and had begun work for defendant in connection with objectives contracted to be accomplished upon the airport runways;

3. In connection with such work he had run his personally owned truck between point "B" and the locale of work in progress on the runways on at least one occasion before the time he took the trip during the course of which his truck struck the plaintiff; and

4. That he left the locale of defendant's runway work and drove his truck therefrom to point "B", almost immediately thereafter departing thence to drive out of the airport premises onto the public highway—where in the making of his turn onto such highway he struck plaintiff at point "A".

Defendant's employee testified that he was leaving the premises for the purpose of getting cigarettes for himself, upon his own volition and only to serve his own purposes; that the movement of his truck between point "B" and point "A" immediately prior to and at time of the collision was solely for the prescribed purpose.

Such evidence is not contradicted in any respect, nor is a fact issue created in respect thereto unless it might be said that because of the raising of the factual issues we have listed as 1 to 4, inclusive, as to actions on the part of the employee within the scope and course of his employment, it would follow that there was a fact issue upon the matter of his agency during his movement from point "B" to point "A" where his truck struck the plaintiff.

On oral presentation in this court the attorney for the plaintiff conceded that there would have been a propriety of summary judgment had all witnesses who testified to the effect that the "day's work" of the tort feasor had never begun prior to time of the accident, and that he had never gone out to the runways, contrarily testified that he had begun his "day's work" and had been out on the runways and returned to point "B", but had left that point on a personal trip for cigarettes. What this means is that counsel is of the opinion that because the trial court could have found the contrary of the facts of which there was testimony before the time the tort feasor embarked on the final trip from point "B" to the point of the accident (because there was evidence or inferences to be made contradictory thereof) it could have gone a step further and found that the tort feasor's trip from point "A" to the point of the accident was one taken in the furtherance of the employer's business despite the fact that there was no contradictory evidence thereof.

We must disagree with counsel for plaintiff and hold that though the circumstances were such that the trial court was at liberty to "disbelieve" the evidence that the tort feasor was *not* embarked upon a

trip for his employer it was powerless to find that the tort feasor was embarked upon a trip for him. This was the situation before the trial; one wherein plaintiff revealed himself powerless to show any available evidence that the tort feasor was, at the material time, engaged in a service for the defendant.

The controlling principles of law are to be found embodied in the cases of Hudiburgh v. Pavlic, 274 S.W.2d 94 (Beaumont, Tex.Civ.App., 1954, writ ref., n. r. e.), and Mitchell v. Ellis, 374 S.W.2d 333 (Fort Worth, Tex.Civ.App., 1963, error refused). Under such the plaintiff in such a case, in the discharge of his burden of proof, is obliged to overcome any suggestion by the evidence of his opponent that the act in question was done while the servant was on a purely personal mission by affirmative evidence to the effect that the act was done while the servant was acting as an agent for his master; and that the plaintiff's burden of proof in such regard is not discharged where the jury or other finder of fact is at liberty merely to disbelieve the defendant's testimony of absence of the agency relationship, and cannot find presence of such relationship if there is an absence of countering affirmative evidence. In the cited cases there had been a trial on the merits.

Here we have a case where the proceedings in the trial court was a hearing on defendant's motion for summary judgment advanced upon affidavits and depositions under which the defendant assumed the negative burden of showing as a matter of law that the plaintiff had no cause of action against him. 4 McDonald's Texas Civil Practice, Cumulative Supplement, "Judgments", Sec. 17.26.1, "(New)—B. When Summary Judgment Proper". Thereby was presented evidence, albeit by interested persons, that defendant's servant was on a purely personal mission at time of the accident. Such evidence was not contradicted by any evidence for the plaintiff.

Under the circumstances presented I see no reason why the same law which would control disposition of the case had it been tried on the merits should not control a case on motion for summary judgment. The trial court did deem the instant case thereby controlled and accordingly rendered judgment upon motion of the defendant.

## ON MOTION FOR REHEARING

MASSEY, Chief Justice.

In their motion for rehearing appellees assert, "The Court of Civil Appeals erred in withdrawing its former opinion affirming the Trial Court's judgment, in that this case has been decided by a two-Judge Court, The Honorable Justice Renfro having heretofore chosen to disqualify himself, and the present opinion of the two-Judge Court is a tie, there being a dissenting opinion."

Appellees are in error in assuming that Justice Renfro disqualified himself. He has not at any time disqualified himself.

Justice Renfro listened to the oral arguments. After the case was submitted he expressed his desire to the other members of the Court, in chambers, not to participate in the case unless his vote was necessary to break a deadlock. Chief Justice Massey and Justice Langdon agreed on an opinion affirming the trial court's judgment, hence, it was unnecessary for Justice Renfro to participate. The opinion was handed down January 31, 1969.

After appellant's motion was filed Justice Langdon decided the January 31st opinion should be withdrawn and an opinion written reversing and remanding the case for trial on the merits. The Chief Justice adhered to his original opinion. Thus there was a deadlock and it became necessary for Justice Renfro to participate and cast the deciding vote.

Justice Renfro agreed with Justice Langdon. Accordingly Justice Langdon handed down an opinion on March 14, 1969, with-

drawing the January 31st opinion and reversing and remanding the case for trial on the merits. Justice Renfro fully participated in the deliberations leading up to the Langdon opinion, and agreed with and voted with Justice Langdon. The opinion was, therefore, a majority opinion.

Justice Renfro was not disqualified to participate and vote on the second opinion even though, for personal reasons, he chose not to participate in the opinion handed down on January 31, 1969. Goslin v. Beazley, 339 S.W.2d 689 (Houston, Tex.Civ.App., 1960, writ ref., n. r. e.).

Because of the views expressed in the dissenting opinion I would grant appellee's motion for rehearing and affirm the judgment of the trial court. However, I agree with Judge Langdon that Judge Renfro was not disqualified to vote on the opinion of March 14th.

The other members of the court hereby overrule the appellee's motion for rehearing, with me dissenting.