Guy THOMPSON, Appellant,

v.

B. B. SAXON COMPANY, Inc., Appellee.

No. 15009.

Court of Civil Appeals of Texas, San Antonio.

Oct. 20, 1971.

Vaughan, Vaughan & Grossenbacher, San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, James D. Guess, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a personal injury suit by Guy Thompson against B. B. Saxon Company, Inc. and Rogelio Bailey to recover damages proximately caused by the negligence of Bailey in the operation of a motor vehicle owned by B. B. Saxon Company, Inc., and operated at the time of the collision by its employee, Rogelio Bailey. Summary judgment was awarded in favor of B. B. Saxon Company, Inc. on the premise that Rogelio Bailey was not acting in the scope of his employment at the time of the accident. In its judgment the court severed the cause of action against Rogelio Bailey. The parties will be hereinafter referred to as they were in the trial court.

Plaintiff asserts that the defendant is liable under the doctrine of respondeat superior and states that the applicable rule is set forth in Parmlee v. Texas & New Orleans Railroad Co., 381 S.W.2d 90 (Tex. Civ.App.—Tyler 1964, writ ref'd n.r.e.), wherein the Court states: "The law is well established in this state that the test of a master's liability for negligent acts of his servant is whether the master had the right and power to direct and control the servant in performance of the causal act or omission at [the] very instant of the occurrence of such act or neglect." 381 S. W.2d at 93. "Under the principle of respondeat superior, unless the act of the servant is committed within the scope of the general authority of the servant in furtherance of the master's business and for the accomplishment of the object for which the servant is employed, the master cannot be held liable for the servant's act." 381 S.W.2d at 94.

As a general rule, for an act to be in the course and scope of the servant's employment, it is necessary that: (1) it is done within the scope of the general authority of the servant; (2) in furtherance of the master's business; and (3) for the accomplishment of the object for which the servant is employed. Mitchell v. Ellis, 374 S. W.2d 333 (Tex.Civ.App.—Fort Worth 1964, writ ref'd).[1]

---

1. Defendant asserts that the case before us is simply another "to and from work case," where liability is sought to be imposed upon the employer for the alleged negligence of the employee, and that the general rule is that an employee is not acting within the course and scope of his employment while driving to and returning from work, citing in support thereof: American General Insurance Co. v. Coleman, 157 Tex. 377, 303 S.W.2d 370 (1957); United States Fidelity & Guaranty Co. v. Flanagan, 134 Tex. 374, 136 S.W.2d 210 (1940); Southwest Dairy Products Co. v. De Frates, 132 Tex. 556, 125 S.W.2d 282 (Tex.Comm'n App.1939, opinion adopted); Glasgow v. Floors, Inc. of Texas, 356 S.W.2d 699 (Tex.Civ.App.— Dallas 1962, no writ). See 8 Am.Jur. 2d, Automobiles and Highway Traffic, Section 630 at page 184, wherein it is stated: "It is generally held that getting to the place of work is ordinarily a personal problem of the employee and not a part of his services to his employer, so that in the absence of some special

The summary judgment evidence consists only of a deposition of Joshua Estes, an employee of defendant, and an affidavit of Estes. It appears from such deposition and affidavit that: (1) on the date of the accident Estes was employed by defendant as a purchasing agent and Bailey was employed by defendant as a driver in the purchasing department, and that Bailey's duties consisted of picking up supplies around town and delivering them to the receiving department of the defendant; (2) on the morning of the accident he picked up Bailey in defendant's truck at Bailey's home, and that Bailey thereafter drove; (3) the accident occurred while he and Bailey were on their way to work; (4) the accident occurred about 7:10 a.m., and that he and Bailey normally got to work at 7:30 a.m.; (5) normally when he drove with Bailey, he let Bailey do the driving, and that this was just a matter of custom; (6) they did not go out on jobs together, and that the only reason they rode together on this particular instance was to go to work; (7) he was still employed by defendant, but that Bailey was not, having been later released at the request of Estes for failure to follow orders; (8) he was allowed to take the company truck home as a favor, and that there was no business reason for taking the truck home the night before the accident; (9) transportation to and from work was not a part of his salary or remuneration, nor was it a part of Bailey's salary or remuneration; (10) defendant had no requirements regarding the mode of transportation its employees used in getting to and from work; (11) Bailey's work hour and pay started after Bailey arrived at the company's offices; (12) he volunteered to give Bailey a ride to work on the morning of the accident, and that the ride was solely as a convenience to Bailey, and not a part of any duty of Bailey's nor compensation to Bailey; (13) he and Bailey were on their way to work when the accident occurred, and that they were proceeding directly to the company's offices; (14) no stops had been made and none planned which involved the business of defendant; (15) he had not directed the route or manner in which Bailey was driving prior to the accident, and that Bailey chose the route and exercised his own judgment in all matters involving the operation of the truck.

Plaintiff, by two points of error, asserts that: (1) the trial court erred in granting the defendant summary judgment because there is a genuine issue as to the material fact of the scope of employment of Rogelio Bailey at the time of the collision so as to make his principal liable for his acts of negligence; and (2) the trial court erred in granting the defendant summary judgment based solely upon the affidavit of a supervisor of the defendant when the motion for summary judgment involves the credibility of that affiant.

When a party elects to file a motion for summary judgment pursuant to Rule 166–A, Texas Rules of Civil Procedure, it takes upon itself an extraordinary burden. By moving for summary judgment, it assumes the burden of showing by competent summary judgment evidence that there was no genuine issue as to any material fact pertinent to the cause of action, and that it is entitled to the judgment prayed for as a matter of law. Johnson v. Floyd West & Co., 437 S.W.2d 298 (Tex.Civ.App.—Dallas 1969, no writ). In summary judgment cases, the question on appeal as well as in the trial court is not whether summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof es-

benefit to the employer other than the mere making of the services available at the place where they are needed, the employee is not acting within the scope of his employment in traveling to work, even though he uses his employer's motor vehicle, and therefore the employer cannot be held liable under the doctrine of respondeat superior to one injured by the employee's negligent operation of the vehicle on such a trip."

tablishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex. 1970).

It is undisputed that the accident on which this suit is based occurred while Rogelio Bailey, an employee of defendant, was driving a truck owned by defendant, and that at such time Bailey was accompanied by another of defendant's employees, Joshua Estes, who was a supervisor in the department where Bailey worked. In the absence of evidence to the contrary, the fact that an employee was driving a truck of the employer's, and that the employee was regularly employed by it, is sufficient to raise the presumption that such employee was acting within the course and scope of his employment at the time of the collision. Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763 (1940); Mitchell v. Ellis, supra; Lewis v. J. P. Word Transfer Co., 119 S.W.2d 106 (Tex.Civ.App.—Dallas 1938, writ ref'd); Houston News Co. v. Shavers, 64 S.W.2d 384 (Tex.Civ.App.—Waco 1933, writ ref'd). It is well settled in this State that such presumption is not evidence but rather a rule of procedure or an administrative assumption which vanishes when positive evidence to the contrary is introduced. Empire Gas & Fuel Co. v. Muegge, supra; Mitchell v. Ellis, supra; Hudiburgh v. Palvic, 274 S.W.2d 94 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.); Lewis v. J. P. Word Transfer Co., supra; Houston News Co. v. Shavers, supra.

The basic question confronting us is whether the summary judgment evidence before the court conclusively rebutted, dispelled and overcame the presumption that Bailey was acting within the course and scope of his employment at the time of the collision arising from the undisputed evidence that Bailey was an employee of defendant and was driving a truck owned by defendant at the time of the accident.

Plaintiff did not file a controverting affidavit, but asserts that under the summary judgment evidence before the court, a fact issue was raised as to whether Bailey was acting in the scope of his employment at the time of the accident, and that a summary judgment was not proper because: (a) there are conflicts and inconsistencies between Estes' deposition and his affidavit; (b) that Estes was Bailey's supervisor and was a passenger in the company owned truck driven by his subordinate Bailey at the time of the accident; (c) Estes regularly took the company truck home after work and used it in returning to work; (d) that Estes had the power to hire and fire Bailey; (e) that the credibility of Estes is in issue because he was the only witness available to give evidence of the master-servant or employer-employee relationship.

We have carefully reviewed Estes' deposition and affidavit and do not find any material variances or differences therein. Although appellant asserts that Estes was the only witness available to give evidence of the employer-employee relationship, there is nothing in the summary judgment evidence that substantiates this contention. Plaintiff in this behalf asserts that Bailey was never served with citation, and that his whereabouts were unknown both to plaintiff and defendant, but the transcript contains nothing whatsoever with regard to the issuance of citation with regard to Bailey and the only testimony with regard to his whereabouts was by Estes, who said that Bailey was no longer employed by defendant and that the last he heard was that he was working in San Antonio at the Courthouse or the City Hall.

■ Estes was a supervisory employee of defendant and must be regarded as an interested witness. It is a general rule that the testimony of an interested witness does no more than raise a fact issue to be determined by the trier of the facts.[2] James T.

---

2. An exception to the above rule arises when the following conditions are met:

(1) the testimony of the interested witness is not contradicted by that of another

Taylor & Son, Inc. v. Arlington Ind. School District, 160 Tex. 617, 335 S.W.2d 371 (1960); Owen Development Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640 (1957); Kimbell Milling Co. v. Marcet, 449 S.W.2d 100 (Tex.Civ.App.—San Antonio 1970, no writ); 62 Tex.Jur.2d,. Witnesses, Section 373. In a summary judgment proceeding, evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex. 1965); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943).

The testimony of Estes was clear, direct and positive, and there is nothing in the evidence tending to discredit or impeach such testimony. Such testimony rebutted and overcame the presumption that Bailey was acting within the course and scope of his employment at the time of the accident. There is no evidence that either Bailey or Estes were acting in the furtherance of their employer's business at the time of the accident, or that they were on any special mission for defendant. The summary judgment proof before the court establishes as a matter of law that Bailey was not acting within the scope of his employment at the time of the accident. The court did not err in granting the motion for summary judgment.

The judgment is affirmed.

witness or by attendant circumstances; and (2) the testimony is clear, direct, and positive as well as being free from contradiction, inaccuracies, and circumstances tending to cast suspicion on it. Ex parte

Rohleder, 424 S.W.2d 891 (Tex.1967); Moss v. Hipp, 387 S.W.2d 656 (Tex. 1965); Central Freight Lines, Inc. v. Bergeron, 470 S.W.2d 117 (Tex.Civ.App. —Beaumont 1971, no writ).