**GIFFORD–HILL & COMPANY, Inc.,**
**Appellant,**

v.

**Earl H. MOORE et al., Appellees.**

**No. 614.**

Court of Civil Appeals of Texas,
Tyler.

April 20, 1972.

Touchstone, Bernays & Johnson, Richard E. Green, Dallas, for appellant.

McClure & Burch, D. L. McClure, for appellees.

DUNAGAN, Chief Justice.

This is a venue suit. The suit arises out of an automobile collision. Appellees brought suit against Gifford-Hill & Company, Inc., and Cody Mitchell Miller. The appellant, Gifford-Hill & Company, Inc., filed a plea of privilege to be sued in Dallas County, Texas, the county of its residence. Appellees filed their controverting plea and affidavit in reply to said plea of privilege and relied upon Subdivisions 9a, 27, and 29a of Article 1995,[1] Vernon's Ann.Tex.Civ.St., to maintain venue in

Houston County where the suit was instituted. The plea of privilege was heard by the court without a jury and was overruled —hence this appeal. The record contains no findings of fact or conclusions of law.

The appellant has brought forward nine points of error. In substance, the appellant contends (1) that there was no evidence of probative force and (2) that the evidence is insufficient or is so contrary to the great weight and preponderance of the evidence as to be clearly wrong to establish (a) that Cody Mitchell Miller was the servant, agent, or representative of the appellant acting within the scope of his employment for said appellant at the time and on the occasion in question, or (b) that there was any negligence, active or passive, on the part of appellant or Cody Mitchell Miller which was a proximate cause of the injuries complained of.

■ In considering the appeal, we honor the rule announced in James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323 (1959), by indulging every reasonable intendment in favor of the trial court's judgment overruling the plea of privilege and giving the testimony every reasonable presumption which could be indulged in favor of the implied findings of the trial court.

From a reading of the subdivisions of Article 1995 here in question, together with the appellees' controverting plea, it becomes apparent that venue of the present cause as against the appellant, engages the primary question of the course and scope of employment of Miller, the defendant-driver, since under the controverting plea in the present case, Gifford-Hill, the appellant, is sought to be held liable through the doctrine of vicarious liability.

It is undisputed that at the time of the accident Miller was driving a car owned by appellant. Although a separate act of negligence was alleged by the appellees in their original petition, in their controverting plea the only acts of negligence were

1. All references herein are to Vernon's Texas Civil Statutes unless otherwise indicated.

those alleged against Miller, as the agent, servant, or representative of the appellant. Therefore, the only grounds for sustaining venue as to this appellant under Subdivisions 9a, 27, and 29a of Article 1995, would be by showing that Miller committed acts of negligence which were a proximate cause of appellees' injuries and that Miller committed such acts as the agent, servant, or representative of the appellant and within the scope of his employment.

■ It is the contention of the appellant, that *at the time* and on the occasion in question, Miller was not in the capacity of a servant, agent, or representative of the appellant. A "servant" is one who is employed to perform certain services for another, and who is subject to such other's "control" or "right to control" as regards his physical conduct in the performance of such services. Reinstatement, Second, Agency, Section 220.

Reviewing the evidence in its entirety, considering only that evidence most favorable to the judgment, and disregarding that which is to the contrary, in our opinion the record is void of any probative evidence that *at the time* of the accident in question, Miller was the servant, agent, or representative of the appellant or that Miller was within the scope of his employment for the said appellant *at the time* and on the occasion in question.

The accident in question occurred at approximately 7:30 p. m. on Friday, December 20, 1968, at the intersection of Loop 304 and Highways 7 and 21, near Crockett, Houston County, Texas. The drivers of the two automobiles involved in the collision were Earl Moore and Cody Mitchell Miller.

At the time of the collision in question, both parties were traveling toward destinations which would allow them to be with relatives for the Christmas holidays. Mr. Miller was operating an automobile owned by the appellant, which he had permission to use. It is not disputed that Mr. Miller was employed by the appellant at the time of the accident, nor is it disputed that Mr. Miller was operating an automobile owned by the appellant company. However, the appellant contends that *at the time* of the accident Miller was operating said automobile in his personal capacity for his personal and family use, and for the purpose of transporting himself and his family from Wharton, Texas, to Longview, Texas, in order to spend the Christmas holidays with his wife's parents.

It is also undisputed that Miller had been ordered by the appellant to move from Wharton, Texas, to Shreveport, Louisiana, to assume a different job position. Mr. Miller assumed this new job position on or about the 2nd day of January, 1969. The appellant was to assume the expenses of moving Mr. Miller and his family to Shreveport, Louisiana, and in fact, did so. As an incident to such move, it was necessary for Miller to operate the company car, which was in his possession, from Wharton to Shreveport. Mr. Miller was positive about the fact that he had no business to transact for the appellant along the way to or at Longview, and he had never had any business for appellant in Longview. He testified that his purpose in going to Longview at the time the accident occurred was purely personal in that his family had planned to spend Christmas with his wife's family. Mr. Miller had planned to drive to Shreveport the following day to meet the moving van which contained his furniture and then return to Longview to complete the Christmas holidays. Mr. Miller testified that he had made the trip to Shreveport from Wharton several times and the route always taken was a different route from the one he was traveling at the time the accident occurred, which was a more direct and nearer route than the one he was traveling at the time of the accident. As a matter of fact, Miller also testified the route he traveled by way of Crockett was fifty or sixty miles further than the route he had always heretofore traveled from Wharton to Shreveport. He further testified that at the time of the accident he had deviated from such regular route of

travel in going from Wharton to Shreveport on the trip in question; that he had previously driven this route only when going to visit his folks; and that all other times he had traveled the more direct route by the way of Houston in going from Wharton to Shreveport. All of such testimony by Mr. Miller was clear, positive, and uncontradicted. Miller was to assume his duties for appellant in Shreveport the first of January, 1969. Apparently, in the meantime he had no further duties to perform for Gifford-Hill.

■ Subdivision 27 of Article 1995[2] provides four alternatives. The first alternative is "foreign corporations * * * not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued * * *." We must therefore determine what cause of action, if any, appellees have alleged and proven against Gifford-Hill. It is to be noted at the outset that where suit is brought in the county where the cause of action arose, all of the elements of the cause of action must be proven. See Clark, Venue in Civil Actions in Texas, Chapter 27, at page 161: Educators Mut. Life Ins. Co. of America v. Skinner, 146 S.W.2d 276 (Tex.Civ.App., Beaumont, 1940, n. w. h.).

■ In the absence of evidence to the contrary, the fact that Miller was driving the appellant's, Gifford-Hill's, automobile, together with the fact that he was regularly employed by said appellant, was sufficient to raise a presumption that he was acting within the course and scope of his employment at the time of the collision. This presumption, however, was rebutted or dispelled by testimony, even though supplied by a party at interest, which was

clear, positive, and uncontradicted to the effect that Miller had abandoned his master's mission and was engaged in one exclusively his own when the accident occurred. The presumption is not evidence and is not to be regarded as having raised an issue of fact for the trier of the facts determination when it is met by positive rebutting proof. Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354 (Tex. Sup., 1971); Mitchell v. Ellis, 374 S.W.2d 333 (Tex.Civ.App., Ft. Worth, 1963, writ ref.); Hudiburgh v. Palvic, 274 S.W.2d 94 (Tex.Civ.App., Beaumont, 1954, writ ref., n. r. e.). The rule governing the testimony of an interested witness is stated by the Supreme Court in Praetorian Mutual Life Insurance Company v. Sherman, 455 S.W. 2d 201 (1970) and Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (1942).

■■ It is a long standing rule in this State that in order to hold a master liable for the acts of his servant, such act must have been committed within the scope of the servant's employment, and in that regard it is necessary that such act was done within the scope of the general authority of the servant in the furtherance of his master's business and for the accomplishment of the object for which the servant was employed. International & G. N. R. Co. v. Anderson, 82 Tex. 516, 17 S.W. 1039 (1891); Texas Power & Light Co. v. Denson, 125 Tex. 383, 81 S.W.2d 36 (1935); Southwest Dairy Products Co., Inc. v. DeFrates, 132 Tex. 556, 125 S.W.2d 282 (1939); Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057 (1940); J. C. Penney Co. v. Oberpriller, 141 Tex. 128, 170 S.W.2d 607 (1943); Williams v. Roney, 275 S.W. 2d 537 (Tex.Civ.App., Waco, 1955, writ ref., n. r. e.); Robertson Tank Lines, Inc. v. Van Cleave, supra; Hudiburgh v. Pal-

2. "Foreign corporations, private or public, joint stock companies, or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside."

vic, supra; Mitchell v. Ellis, supra. Any suggestion by evidence that the act was done while the servant was on a purely personal mission of his own must be countered and overcome by evidence. Mitchell v. Ellis, supra; Hudiburgh v. Palvic, supra, and Houston News Co. v. Shavers, 64 S.W.2d 384 (Tex.Civ.App., Waco, 1933, writ ref.); 38 T.J.2d, p. 514, sec. 254.

In Martin v. Jenkins, 381 S.W.2d 115, 122 (Tex.Civ.App., Amarillo, 1964, writ ref., n. r. e., Tex. 384 S.W.2d 123), the employer contended that its employee was not in the scope of his employment but was on a purely personal mission at the time of the collision which formed the basis of the lawsuit. At the time of the collision the employee and his family were returning to their Lubbock home from Lamesa where they had attended a baccalaureate service. The employee by his affidavit stated that he had transacted no business for his employer while in Lamesa and that the trip was strictly for personal reasons. The contents of the employee's affidavit were uncontradicted. Under this situation, the court said there was no fact issue raised and unquestionably that *at the time* in question the employee was not acting within the scope of his employment. We believe the principle of law announced in the Martin case is controlling of the case at bar. In the instant case employee Miller's testimony that he had no business to transact for his employer Gifford-Hill on the way to or in Longview, is uncontradicted. Liability cannot be predicated on speculation and conjecture. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898) and Hudiburgh v. Palvic, supra.

In American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370 (1933), the Supreme Court stated:

" * * * It is settled that 'the test of one's liability for the act or omission of his alleged servant is his right and power to direct and control his imputed agent in the performance of the *causal* (emphasis theirs) act or omission *at the*

*very instant* (emphasis ours) of the act or neglect.' Putting the matter in a different way, it may be said that a master is liable for acts of his agent under the doctrine of respondeat superior only where the relationship of master and servant exists *at the time* (emphasis ours) and in respect to the very thing causing the injury and from which it arises. * * *" See also Parmlee v. Texas & New Orleans Railroad Company, 381 S.W.2d 90 (Tex.Civ.App., Tyler, 1964, writ ref., n. r. e.).

■ It is a well recognized rule that when a servant completely departs from his master's work or business to serve some purpose of his own, not connected with his employment, or deviates or departs from his employment to accomplish some purpose of his own not connected with his employment, the relation of master and servant is thereby temporarily suspended, and the master is not liable for his acts during the period of such suspension. Mitchell v. Ellis, supra; Southwest Dairy Products Co., Inc. v. DeFrates, supra; 100 A.L.R.2d, p. 1347.

■ If the use of the automobile benefited Gifford-Hill in some respect, there is no evidence that use thereof at the time and on the occasion in question was in furtherance of its affairs or beneficial to it. (As a matter of fact, employee Miller admits the use of the car was for purely personal matters.) Even if Miller was in the course and scope of his employment in moving from Wharton to Shreveport, the trip to Longview was a major deviation from that course and scope and there is no evidence that Gifford-Hill affirmatively or impliedly approved such deviation.

The general rule of venue is that a defendant must be sued in the county of his domicile. In order to defeat defendant's plea of privilege to be sued in the domiciliary county, the burden is on the plaintiff to allege and prove by a preponderance of the evidence that the case comes within one of the exceptions to Article 1995.

Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91 (Tex.Comm. of Appeals, 1935, holding approved); Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824 (Tex.Comm. of Appeals, 1931, holding approved); Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tex.Civ.App., Tyler, 1965, n. w. h.).

 Venue facts must be proved just as the allegations of any plea or in the usual way in which proof is required by the party upon whom the burden of proof rests. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Tex. Comm. of App., 1941, holding approved). In a venue hearing the plaintiff has the same burden of proving a cause of action as on a trial on the merits; a prima facie case is not sufficient. Compton v. Elliott, supra; Lynch v. Millican, 304 S.W.2d 410, 412 (Tex.Civ.App., Waco, 1957, n. w. h.); Young v. Young, 340 S.W.2d 521 (Tex. Civ.App., Waco, 1960, n. w. h.).

 The burden imposed on the appellee in the instant case is one the courts have predicated upon the belief that the defendant's right to be sued in a county of his domicile is an invaluable right and this right should be vitiated only when the evidence clearly supports the maintenance of venue in some other county. The right to be sued in one's own domicile is a right jealously guarded by the courts and exceptions to the venue statute must clearly appear. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972 (1951); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950). Unless the plaintiff clearly discharges his burden by proof, the defendant is entitled to have the case transferred to the county of his domicile. Calhoun v. Padgett, 409 S.W.2d 890, 893 (Tex.Civ.App., Tyler, 1966, n. w. h.); Reynolds & Huff v. White, 378 S.W.2d 923 (Tex.Civ.App., Tyler, 1964, n. w. h.).

Plaintiff must produce extrinsic evidence sufficient to establish the allegations in his petition by a preponderance of the evidence. This requirement is supported by considerations of public policy grounded upon the premise that otherwise it would be too easy by mere allegation and statements of conclusions to defeat the defendant's right to be sued at his domicile. Ideal Baking Company v. Boyd, 417 S.W.2d 613, 617 (Tex.Civ.App., Tyler, 1967, n. w. h.); Vol. 1, McDonald Texas Civil Practice, sec. 4.55(b), pp. 612, 613.

Upon a careful review of all the evidence and following the rules of law hereinabove announced, we do not believe the appellees have discharged the burden of proof required of them to defeat appellant's plea of privilege.

The judgment of the trial court is reversed and rendered, and it is ordered that the cause against the appellant be transferred to a District Court of Dallas County, Texas, in accordance with Rule 89, Texas Rules of Civil Procedure.