ST. LOUIS, B. & M. RY. CO. v. JENKINS.*
(No. 5552.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 19, 1916. Rehearing Denied Feb. 16, 1916.)

1. TRIAL ☞260—REQUESTED INSTRUCTIONS—GIVEN INSTRUCTIONS.

In an action for the death of a railway engineer, killed when his engine left the track, wherein the track was alleged to have been uneven and unsafe, where the jury found that the track was unsafe and that the defendant was negligent in having it in such condition, and that the locomotive by which deceased was killed was not a reasonably safe one for use along the track when handled with ordinary care, defendant's requested charge as to whether the locomotive operated by deceased at the time of the wreck in which he was killed was dangerous for the character of the work in which it was then used, was properly refused, as it could have added nothing to the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

2. TRIAL ☞350 — SPECIAL ISSUES — SUBMISSION.

In such action where the jury found that the track was not safe and that defendant had not used ordinary care to keep it safe for such a locomotive as deceased was using when killed, and that the locomotive was not a reasonably safe one, the submission of a special issue as to whether or not the unsafe track, if it was unsafe, or the unsafe locomotive, if it was unsafe, was the proximate cause of the accident, or whether both were the proximate cause, was not injurious to defendant, as no intelligent jury could have been misled thereby.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. ☞350.]

3. TRIAL ☞350 — SPECIAL ISSUES — SUBMISSION.

In such action where the court submitted an issue as to whether the engineer at the time of the derailment was using ordinary care in handling the locomotive by which he was killed, and where the rate of speed was found in answer to another issue, the defendant's requested issue as to whether deceased was exercising ordinary care to run his engine at a safe rate of speed was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. ☞350.]

4. TRIAL ☞260 — ACTION FOR DEATH — REQUESTED CHARGES—GIVEN CHARGES.

A special charge was properly refused when it was covered by the other charges given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Jesse F. Jenkins against the St. Louis, Brownsville & Mexico Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Claude Pollard and E. H. Crenshaw, Jr., both of Kingsville, and H. R. Sutherland and Robt. W. Stayton, both of Corpus Christi, for appellant. John C. Scott and W. L. Dawson, both of Corpus Christi, for appellee.

CARL, J. This is the third time this case has been before this court, the first opinion being reported in 163 S. W. 621, and the second in 172 S. W. 984. The first of those opinions is referred to for a statement of the nature of the case. Such other matters as it may be necessary to mention will appear as we proceed with this opinion.

[1] Appellant complains that the court erred in refusing its requested special issue No. 1, which is:

"State whether or not the locomotive which was being operated by Harvey E. Jenkins at

the time of the wreck in which he was killed was dangerous for the character of work in which it was then being used."

Plaintiff alleged that the locomotive with which his son was supplied was a yard or switch engine, intended for use in the yards and at stations, that it had no pony trucks or pilot, and that on account of its nature and construction it was not safe to use as an ordinary engine on the main line of defendant's road; that, notwithstanding these facts, defendant carelessly and negligently used said engine on its main line for the purpose of drawing cars long distances, and was causing deceased to use it·at the time of his death; and that the track was unsafe for that kind of locomotive and it was dangerous to operate such locomotive on said main line as an ordinary engine used for the usual traffic on the main line. The fact that the roadbed was not in proper condition and that said engine was unsuited to the main line work are the grounds of negligence causing the wreck. The track was alleged to have been uneven and unsafe for locomotives to pass over, because it was not properly ballasted and had sunken joints at and near the place of the wreck.

The jury found that the roadbed was in an unsafe condition for the use and passage of a locomotive thereon such as the one being used by deceased at the time he was killed; and that the railway company had failed to use ordinary care to have its track and roadbed in a safe and proper condition for the use and passage thereon of such a locomotive as the one being used, when handled with ordinary care.

The train crew was stringing telegraph wire on the main line, and, at the time of the wreck, were going to the place where they were working. The engine did not have a pilot or pony trucks, and the evidence is sufficient to show that it was unsuited to main line runs, because it was not protected and balanced by pony trucks. If appellant means by the requested charge that the actual work of stringing wires was not unsafe for such an engine, it is sufficient answer that they were not engaged in that character of work at the time of the wreck, but were pulling a string of cars on the main line going to that place where the work was being done, at the time the accident happened. And we are unable to see that this engine would come under a different rule than would apply to an ordinary engine on the main line. If they had been at the place and doing the work they intended to do, it might be different. The jury said in answer to special issue No. 3 that the locomotive by which Harvey E. Jenkins was killed was not a reasonably safe one for use along defendant's track at and near the place where the engineer was killed, when handled with ordinary care. This was the issue, and not what it would have been if it

had been actually engaged in the construction work. The requested charge would have added nothing to the charge actually given, which covered the proper issue to be submitted and there was no error in refusing to give same.

The first and second assignments are overruled.

[2] Special issue No. 6 submitted to the jury and the jury's answer are as follows:

"Say whether or not unsafe track, if it was unsafe, or unsafe locomotive, if it was unsafe, was the proximate cause of the accident, or whether both of these causes combined were the proximate cause of the accident.
"Answer: Both."

The objection, as pointed out in the third assignment, is that same is a comment on the weight of the evidence. The jury had been asked and had found in answer to issue No. 1 that the track was not safe, and in response to issue No. 2 that ordinary care had not been used by the appellant to keep its roadbed in a safe condition for the use and passage of such a locomotive as that one deceased was using at the time he was killed. And in response to the third special issue the jury found that the locomotive was not a reasonably safe one. On the whole we cannot see that appellant was injured or could have been injured by the manner in which the issue was framed. No jury of intelligent men would have been misled thereby, and the assignment is overruled, and it follows that the fourth and fifth assignments are without merit and are overruled.

[3] The sixth assignment complains of the refusal by the court to submit special issue No. 16 requested by defendant, which is:

"State whether or not Harvey E. Jenkins, at the time of his death, was exercising ordinary care to run his engine at a safe rate of speed."

The court did submit issue No. 5, which is:

"Say whether or not the engineer, at the time of the derailment, was using ordinary care in handling and operating the locomotive, by which he was killed, in view of the kind of locomotive it was."

And the rate of speed was found in answer to another issue. There was no error in refusing this charge; nor was there error in refusing to submit special issues Nos. 16 and 17 requested by the defendant. The sixth and seventh assignments are overruled.

The verdict and judgment were for $5,040, and in view of the facts disclosed by the record we do not think it excessive. The eighth assignment is overruled, and the ninth being without merit is also overruled.

[4] The refused special charge complained of in the tenth assignment was covered by other charges given, and it was not necessary to give same.

This is three times this case has been passed upon within two years by this court; the writer having written the opinion on each appeal. The issues were clearly, concisely, and fairly submitted to the jury, and the finding is again against appellant. It is

time to put an end to the matter, especially since no substantial error is shown; and we therefore affirm the judgment.