## DALLAS RY. & TERMINAL CO. v. NIX et ux.
### (No. 3747.)

Court of Civil Appeals of Texas. Texarkana. Nov. 19, 1929.

Rehearing Denied Nov. 28, 1929.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellant.

E. E. Hurt and Currie McCutcheon, both of Dallas, for appellees.

WILLSON, C. J. (after stating the case as above). It will be noted, on referring to the findings of the jury set out in the statement above, that they found, in response to the first one of the issues, that the motormen of both car No. 1 and No. 2 were guilty of actionable negligence in attempting to pass each other as they did; in response to the third one of the issues, that the motorman on car No. 1 was guilty of such negligence in starting his car up to make the turn on the curve after the motorman on No. 2 had started his car up in attempting to make such a turn; and, in response to the fifteenth one of said issues, that said motorman on car No. 1 was also guilty of such negligence, in that he failed to keep a lookout for Mrs. Nix in making such turn.

■ Appellant insists that, as framed, said first issue and said third issue were respectively, "multifarious," and that the court therefore erred in submitting them. But we think, if the court did so err, the error was not one requiring a reversal of the judgment; for, as said by the court in St. Louis, B. & M. Ry. Co. v. Jenkins (Tex. Civ. App.) 182 S. W. 1159, with reference to a somewhat similar issue objected to on a like ground, "no jury of intelligent men would have been misled thereby." And see San Antonio & A. P. Ry. Co. v. Stuart (Tex. Civ. App.) 178 S. W. 17; San Antonio, U. & G. Ry. Co. v. Dawson (Tex. Civ. App.) 201 S. W. 247; Pullman Co. v. McGowan (Tex. Civ. App.) 210 S. W. 842.

Appellant urges it was also error to submit said fifteenth issue, because, it says, it was "not supported by the pleadings or the evidence," and because, it says further, it "placed a burden upon appellant greater than the law requires, the undisputed evidence being to the effect that she (Mrs. Nix) had alighted from the street car safely and was a pedestrian upon the street, and had cleared the street car from which she had alighted by the time the motorman on car No. 1 started said car." We think there is no merit in the contention. There was both pleading and evidence to support the issue. Questions as to whether the findings of the jury that the motorman's failure to keep such a lookout was negligence, or not, and, if negligence, was a proximate cause of the injury to Mrs. Nix, are not presented by the assignments.

■ Another contention made by appellant with reference to the special issues submitted is directed at the twenty-first one of said issues, and is based on a ground entirely different from any of those urged in the court below. The contention for that reason should be overruled (article 2237, Rev. St. 1925), and we think it should be also because there is no merit in the objection to the issue on either the ground urged here or on any of those urged in said court.

■ It is insisted that the findings in response to the sixth, eleventh, thirteenth, fifteenth, and eighteenth issues are in conflict with each other, and therefore that none of them could be made the basis of a judgment. Whether that is true or not need not be determined here, because, without such findings, those made in response to the first, second, third, fourth, and fifth issues furnished sufficient support for the judgment.

The insistence in the court below, renewed here, that the jury was guilty of misconduct, entitling appellant to a new trial, was entirely without support in the evidence as we understand it.

Contentions not disposed of by what has been said are overruled, because without merit.

The judgment is affirmed.