ACCEPTED
01-15-00161-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/29/2015 3:50:56 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00161-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/29/2015 3:50:56 PM
CHRISTOPHER A. PRINE
Clerk

**CAMILLO MARTINEZ O/B/O DECEASED, YOLANDA MARTINEZ**
**APPELLANT**
**V.**
**NABEEL "BILL" ARAFAT D/B/A TEXAS CAR STEREO**
**APPELLEES**

Original Proceeding from the
270th Judicial District Court
of Harris County, Texas
Cause No. 2011-44754-A

**APPELLEES NABEEL "BILL" ARAFAT AND U.S. CAR SALE AND**
**REPAIR, LLC ALSO D/B/A TEXAS CAR STEREO'S BRIEF**

GERMER, PLLC
ROBIN N. BLANCHETE
State Bar No. 24045509
TROY A. WILLIAMS
State Bar No. 00788678
333 Clay St., Suite 4950
Houston, Texas 77002
Telephone: (713) 650-1313
Facsimile: (713) 739-7420

ATTORNEYS FOR APPELLEE
NABEEL "BILL" ARAFAT AND
U.S. CAR SALE AND REPAIR, LLC
ALSO D/B/A TEXAS CAR STEREO

**ORAL ARGUMENT REQUESTED**

| **PLAINTIFF/APPELLANT** | **COUNSEL FOR APPELLANT** |
|---|---|
| CAMILLO MARTINEZ O/B/O DECEASED, YOLANDA MARTINEZ | JOSHUA LESKE, Lead Counsel<br>State Bar No.: 24060162<br>YOUNG & HUSAIN, PLLC<br>2700 Post Oak Blvd., Suite 1220<br>Houston, Texas 77056<br>Telephone: (713) 621-8900<br>Facsimile: (713) 621-8909 |

| **DEFENDANT/APPELLEE** | **COUNSEL FOR APPELLEE** |
|---|---|
| NABEEL "BILL" ARAFAT D/B/A TEXAS CAR STEREO | ROBIN N. BLANCHETTE, Lead Counsel<br>State Bar No. 24045509<br>TROY A. WILLIAMS<br>State Bar No. 00788678<br>Germer, PLLC<br>333 Clay St., Suite 4950<br>Houston, Texas 77002<br>Telephone:  (713) 650-1313<br>Facsimile:   (713) 739-7420<br>And<br>JOSEPH M. HEARD<br>State Bar No. 09337500<br>Heard & Medack, P.C.<br>9494 Southwest Freeway, Suite 700<br>Houston, Texas 77074<br>Telephone: (713) 772-6400<br>Facsimile: (713) 772-6495 |

2

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL…………………………………………………………………………………i, ii

TABLE OF CONTENTS …………………………………………………………………………………………iii, iv

INDEX OF AUTHORITIES………………………………………………….v, vi, vii, viii

STATEMENT OF THE CASE…………………………………………………………......................1

RECORD CITATIONS…………………………………………………………….......2

ISSUE PRESENTED: Reply Point to Issue 1: The trial court properly granted *Appellee's* traditional and no-evidence motion for summary judgment because there is not a scintilla of evidence raising a genuine issue of material fact as to (1) whether Appellee had a right to control the vehicle Rodriquez was operating; (2) whether Appellee entrusted the vehicle to Rodriquez; (3) whether Rodriquez was in the course and scope of his employment with Appellee at the time of the accident; and (4) whether Appellee was grossly negligent. …………………………………………………………………………2

STATEMENT OF FACTS…………………………………………………………………2

SUMMARY OF THE ARGUMENT…………………………………………………………..4

ARGUMENT……………………………………………………………………

   I.  Standard of Review……………………………………………………..5

           a.  Traditional Motion for Summary Judgment………………………...

           b.  No-Evidence Motion for Summary Judgment……………………

II. Negligent Entrustment……………………………………………………………8
     *a.* No ownership or control
     *b.* No Entrustment

III.Rodriquez was not acting in the course and scope of his employment with.14
     Appellees at the time of the accident
     a. Rodriquez was not acting within the scope of his general authority
     b. Rodriquez was not acting in the furtherance of Appellees' business
     c. Rodriquez was not acting to accomplish an object for which he was hired
     d. Deviation

IV.     No Fact Issue as to whether Appellees were grossly negligent……..24

PRAYER……………………………………………………………………….27

CERTIFICATE OF SERVICE………………………………………………………………..28

APPENDIX
Exhibit

1. Order Granting Summary Judgment to Defendant Defendants Nabeel "Bill" Arafat and U.S. Car Sale and Repair, LLC also d/b/a Texas Car Stereo, signed on December 17, 2014.

# INDEX OF AUTHORITIES
## CASES

*Anderson v. Snider*,
808 S.W.2d 54, 55 (Tex. 1991)…………………………………………...10, 25, 26

*Arbelaez v. Just Brakes Corp.,*
2004 WL 1114572 (Tex.App.-- Austin 2004, no pet. h.)………………….……20

*Battarbee v. Transp. Ins. Co.,*
No. 05-01-0086-CV, 2002 Tex. App. Lexis 737, at *5
(Tex. App.—Dallas Feb. 1, 2002, no pet.)…………………………………...16

*Black v. Victoria Lloyds Inc. Co.,*
797 S.W.2d 20, 27 (Tex. 1990)……..………………………………………...6

*Broaddus v. Long,*
138 S.W.2d 1057, 1059 (1940)…………………………………………………16

*Burroughs Wellcome Co. v. Crye*,
907 S.W.2d 497, 499 (Tex. 1995)……………………………………………....8

*Calhoun vs. Hill,*
607 S.W.2d 951 (Civ. App. - Eastland 1980, no writ history)……………………14

*Carr v. Brasher,*
776 S.W.2d 567, 569 (Tex. 1989)………………………………….......7, 26

*Cummings v. HCA Servs. of Texas,*
799 S.W.2d 403, 405 (Tex. App.–Houston [14[th] Dist.] 1990, no writ)……..……...6

*De Blanc v. Jensen,* 59 S.W.3d 373, 376
(Tex. App.—Houston [14[th] Dist.] 2001, no pet.)………………………………..9

*Garcia v. City of Houston,*
799 S.W.2d 496, 498 (Tex.App.-El Paso 1990, writ. denied)……………………16

*Gifford - Hill & Company vs. Moore,*
479 S.W.2d 711 (Civ. App. Tyler 1972, no writ history)…………………………14

*Gilgon, Inc. v. Hart,*
893 S.W.2d 562, 568(Tex.App.--Corpus Christi 1994, writ denied)…………...22

*Ginther v. Domino's Pizza, Inc.,*
93 S.W.3d 300, 302 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)……16

*Goodyear Tire & Rubber Co. v. Mays*,
236 S.W.2d 754, 758 (Tex. 2007)……………………………………………….9

*Hall v. Stephenson,*
919 S.W.2d 454, 467 (Tex.App.—Fort Worth 1996, writ denied)………………24

*Harwell v. State Farm Mut. Auto.  Ins. Co.*,
896 S.W.2d 170, 173 (Tex. 1995) …………………………………………...7, 26

*In Re: Mohawk Rubber Co.*
982 S.W.2d 494, 498 (Tex. App.—Texarkana 1998, orig. proceeding)…………..7

*ITT Consumer Fin. Corp. v. Tovar,*
932 S.W.2d 147, 158 (Tex. App.—El Paso 1996, no pet.)………………………14

*Josey-Miller Co. v. Sheppard,*
357 S.W.2d 488, 490 (Tex.Civ.App.--Beaumont 1962, no writ)……………….22

*Kindred v. Con/Chem, Inc.*,
650 S.W.2d 61, 63(Tex. 1983)…...……………………………………………8

*King Ranch, Inc. v. Chapman*,
118 S.W.3d 742, 750, 751 (Tex. 2003)……………………………………7, 8

*Lear Siegler, Inc. v. Perez*,
819 S.W.2d 470, 471 (Tex. 1991)…………………………………………......6

*Little v. Tex. Dept. of Criminal Justice*,
148 S.W.3d 374, 381 (Tex. 2004)………………………………………….5

*Lockett v. HB Zachry Co.,*
285 S.W.3d 6, 77 (Tex.App.—Houston [1st Dist.] 2009, no pet.)……………25

*Merrell Dow Pharms. v. Havner*,
953 S.W.2d 706, 711 (Tex. 1997)……………………………………………8

*Millan vs. Dean Witter Reynolds*,
90 S.W.3d 760 (Tex. App. - San Antonio 2002, no pet. h.)………………………14

*Minyard Food Stores, Inc. v. Goodman*,
80 S.W.3d 573, 577, 578-79(Tex. 2002)……………………………………14

*Montgomery v. Kennedy,*
669 S.W.2d 309, 310-11 (Tex. 1984)…...…………………………………….6

*Nixon v. Mr. Property Management Co.*,
690 S.W.2d 546, 548-49 (Tex. 1985)…...…………………………………….5

*Provident Life & Accident Inc. Co. v. Knott*,
128 S.W.3d 211, 215 (Tex. 2003)…………………………………………..5

*Shell Oil Co. v. Humphrey,*
880 S.W.2d 170, 175-76 (Tex.App.—Houston [14th Dist.] 1994, writ denied)….24

*Smith v. M Sys. Food Stores, Inc.,*
297 S.W.2d 112, 114 (1957)……………………………………………14

*Smith v. Texas Employers' Ins. Assn.,*
105 S.W.2d 192, 193 (1937)……………………………………………16

*Soodeen v. Rychel,* 802 S.W.2d 361, 262-63
(Tex. App.—Houston [1st Dist.] 1990, writ denied)……………………………...12

*Southwest Dairy Products Company vs. De Frates,*
132 Tex. 556, 125 S.W.2d 282, 283 (Tex. 1939)……………………………14, 23

*Strickland Transp. v. Ingram,* 403 S.W.2d 192, 194
(Tex. App.—Texarkana 1966, writ dism'd)……………………………………9

*Transportation Ins. Co. v. Moriel,*
879 S.W.2d 10, 25 (Tex. 1994)……………………………………………8

*Westland v. Oil Dev. Corp. v. Gulf Oil Corp.,*
637 S.W.2d 903, 907 (Tex. 1982)……………………………………………….6

*White v. Wah*,
789 S.W.2d 312, 315 (Tex. App–Houston [1st Dist.] 1990, no writ)……………...6

*Wilie v. Signature Geophysical Svcs., Inc.,*
65 S.W.3d 355, 358 (Tex. App.—Houston [14th Dist.] 2001, no pet.)………..16

*Wortham v. Dow Chem. Co.,*
179 S.W.3d 189, 198-99
(Tex.App.—Houston [14th Dist.] 2005, no pet.)……………………………..24

## STATUTES AND RULES

Tex. R. App. P.
38………………………………………………………………………...2, 3

TRCP 166 …………………………………………………………………7

NO. 01-15-00161-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

**CAMILLO MARTINEZ O/B/O DECEASED, YOLANDA MARTINEZ**
**APPELLANT**
**V.**
**NABEEL "BILL" ARAFAT D/B/A TEXAS CAR STEREO**
**APPELLEES**

Original Proceeding from the
270th Judicial District Court
of Harris County, Texas
Cause No. 2011-44754-A

**APPELLEES NABEEL "BILL" ARAFAT AND U.S. CAR SALE AND**
**REPAIR, LLC ALSO D/B/A TEXAS CAR STEREO'S APPELLATE BRIEF**

**TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:**

Appellees Nabeel "Bill" Arafat and U.S. Car Sale and Repair, LLC also

d/b/a Texas Car Stereo (hereinafter referred to as "Appellees") submit their brief in

response to the brief filed by Appellant Camillo Martinez o/b/o Yolanda Martinez,

Deceased (hereinafter referred to as "Appellant") and would show the following:

**<u>STATEMENT OF THE CASE</u>**

Appellant's Statement of the Case is generally correct.

1

## RECORD CITATIONS

The original clerk's record has one volume and two supplements. Thus, a citation to **C.R. 1** refers to page 1 of the original clerk's record at page 1. Further, a citation to **1ˢᵗ S.C.R. 1** refers to page 1 of the first supplemental clerk's record at page 1. Additionally, a citation to **2ⁿᵈ S.C.R. 1** refers to page 1 of the second supplemental clerk's record at page 1.

## ISSUE PRESENTED

**Reply to Issue 1:** The trial court properly granted *Appellee's* traditional and no-evidence motion for summary judgment because there is not a scintilla of evidence raising a genuine issue of material fact as to (1) whether Appellee had a right to control the vehicle Rodriquez was operating; (2) whether Appellee entrusted the vehicle to Rodriquez; (3) whether Rodriquez was in the course and scope of his employment with Appellee at the time of the accident; and (4) whether Appellee was grossly negligent.

## STATEMENT OF FACTS

Appellees object to Appellant's statement of facts because it impermissibly argues the facts, in violation of Texas Rule of Appellate Procedure 38.1(g) ("The brief must state concisely and without argument the facts pertinent to the issues. . ."). Specifically, Appellees object to Appellant's statement of facts set forth on page 14, as they impermissibly argue the facts. (See Appellant's Brief p. 14).

Additionally, Appellees object to Appellant's statement of facts to the extent it violates Texas Rule of Appellate Procedure 38.1(g) ("The statement [of facts] must be supported by record references."). A review of the record clearly indicates that "the statement of facts" offered by Appellant are not correctly cited, nor supported by the references offered. Rather, Appellant has inappropriately misconstrued and misrepresented the evidence contained in the record.

Notwithstanding the foregoing, this case arises out of an incident that occurred on July 9, 2011, when the deceased, Yolanda Martinez, was traveling eastbound in the 9400 Block of Westheimer in Houston, Texas, when Rodriguez, who was traveling westbound in the 9400 block of Westheimer, struck the deceased's vehicle. C.R. 7. At the time of the accident, Rodriguez was driving the vehicle owned by Martina Ortiz Grifaldo. C.R. 7. As a result, Appellant filed a lawsuit against Appellees for causes of action including negligent entrustment of a vehicle, negligence per se and gross negligence. C.R. 6. Specifically, Appellant asserted that Rodriguez was driving the vehicle with the permission of Appellees and in the scope of his employment for Appellees, and that Appellees were negligent in allowing Rodriguez to continue driving the vehicle after having knowledge of the risk Rodriguez posed while driving, thus endangering the welfare of the public. C.R. 8-11. Appellees sought a traditional and no-evidence motion for summary judgment on the basis that they did not own

3

or control the vehicle; that they did not entrust the vehicle to Rodriguez and that Rodriguez was not acting in the scope of his employment for Appellees at the time of the accident. The trial court granted Appellees traditional and no-evidence motion for summary judgment and Appellant now appeals. C.R. 14.

## SUMMARY OF THE ARGUMENT

This lawsuit arose out of an accident that occurred on July 9, 2011. On that day, Rodriquez, an employee of Texas Car Stereo, was driving a vehicle owned by Grifaldo. Rodriquez had retrieved the vehicle from Grifaldo's apartment on the night of July 8, 2011. On the morning of July 9, 2011, Rodriquez was in route of running a personal errand for a friend when the vehicle he was driving collided with the vehicle driven by Yolanda Martinez. The Appellees did not own the vehicle in question. The Appellees did not entrust the vehicle in question to Rodriquez. The Appellees were never in possession of the vehicle and the Appellees never conducted any repairs to the vehicle in question. Furthermore, the Appellees did not direct Rodriquez to conduct any repairs to the vehicle and Rodriquez was not in the course and scope of his employment with Appellees at the time of the accident.

Appellant seeks appeal of a properly granted summary judgment. In particular, the trial court properly granted Appellees' traditional and no-evidence motion for summary judgment, as Appellees proved there was not more than a

4

scintilla of evidence raising a genuine issue of material fact. Specifically, the negligent entrustment claim against Appellees was properly disposed of via summary judgment because Appellees did not retain control of the vehicle, Appellees did not entrust the vehicle to Rodriquez and Rodriquez was not in the course and scope of his employment with Appellees at the time of the accident. As such, Appellant failed to raise a genuine issue of material fact on the foregoing elements and failed to controvert the summary judgment proof that Appellees did not retain control of the vehicle, Appellees did not entrust the vehicle to Rodriquez and Rodriquez was not in the course and scope of his employment with Appellees at the time of the accident.

## ARGUMENT & AUTHORITIES

### I. Standard of Review

#### a. Traditional Motion for Summary Judgment

The standard of review for a traditional motion for summary judgment is *de novo*. *Provident Life & Accident Inc. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Little v. Tex. Dept. of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A movant for summary judgment must show there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The court shall take all evidence favorable to the non-movant as true, and indulge every reasonable

5

inference in the non-movant's favor. *Id.* Summary judgment for the defendant is proper when the proof shows that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's causes of action. *Black v. Victoria Lloyds Inc. Co.*, 797 S.W.2d 20, 27 (Tex. 1990); *White v. Wah*, 789 S.W.2d 312, 315 (Tex. App.–Houston [1st Dist.] 1990, no writ). In other words, a defendant must disprove, as a matter of law, at least one of the essential elements of a plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991).

When a defendant moves for summary judgment and bases his motion for summary judgment on an affirmative defense, he must prove all the elements of such defense as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310-11 (Tex. 1984). Once the movant establishes a right to summary judgment, the non-movant must expressly present any reasons seeking to avoid the movant's entitlement and must support the reasons with summary judgment proof to establish a fact issue. *Westland v. Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex. 1982); *Cummings v. HCA Servs. of Texas,* 799 S.W.2d 403, 405 (Tex. App.–Houston [14th Dist.] 1990, no writ).

### b. No-Evidence Motion for Summary Judgment

After an adequate time for discovery, a party may move for summary judgment on the ground there is no evidence for one or more elements of a claim or

6

defense on which the non-movant has the burden of proof at trial. TEX. R. CIV. P. 166a(i). A Court must grant a no-evidence motion for summary judgment unless the non-movant produces more than a scintilla of probative evidence that raises a genuine issue of material fact on the challenged element or elements. TEX. R. CIV. P. 166a(i); *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex. App.— Texarkana 1998, orig. proceeding).

If, as here, the order granting summary judgment does not specify the grounds on which summary judgment was granted, a court of appeals should affirm the summary judgment if *any* theory advanced in the motion for summary judgment supports the granting of the summary judgment. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

Notwithstanding the foregoing, a trial court's granting of a motion for no-evidence summary judgment is reviewed under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003)(citing cases). As such, the appellate court must review the evidence in the light most favorable to the non-movant, disregarding contrary evidence and inferences. *Id.* A no-evidence point is sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact

is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *King Ranch*, 118 S.W.3d at 751, quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). The court may properly find that less than a scintilla of evidence exists when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)(citing cases). The court should determine that more than a scintilla of evidence exists when "the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), citing *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995) (quoting *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex. 1994)).

## II. **Negligent Entrustment**

To establish a claim for negligent entrustment, Appellant must establish the following elements:

> (1)  the owner entrusted its vehicle to another person;
>
> (2)  that person was an unlicensed, incompetent, or reckless driver;
>
> (3)  the owner knew or should have known the driver was unlicensed, incompetent, or reckless;

8

(4)     the driver was negligent on the occasion in question; and

(5)     the driver's negligence proximately caused the plaintiff's injury.

*Goodyear Tire & Rubber Co. v. Mays*, 236 S.W.2d 754, 758 (Tex. 2007). In the instant case, as more fully set forth below, the record conclusively establishes that Appellees did not own or retain control of the vehicle, Appellees did not entrust the vehicle to Rodriquez and Rodriquez was not in the course and scope of his employment at the time of the accident. Therefore, summary judgment was proper.

## a.     No ownership or control

For the purposes of negligent entrustment, the owner of a vehicle can either be (1) a person or entity claiming ownership and having possession; or (2) someone who exercises control over the vehicle. *See Strickland Transp. v. Ingram,* 403 S.W.2d 192, 194 (Tex. App.—Texarkana 1966, writ dism'd). The record conclusively establishes that Appellees did not own the vehicle in question. Indeed, according to Appellant's own petition, Appellees were not among the owners of the vehicle. C.R. 7. Therefore, because ownership of the vehicle is not in dispute, the central focus becomes whether or not Appellees ever had "possession" or "exercised control" over the vehicle.

In this regard, to be liable as a non-owner, a defendant must have a superior legal right to control the vehicle and not just exercise some control over the vehicle. *See De Blanc v. Jensen,* 59 S.W.3d 373, 376 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Appellant attempts to rely on self-serving, speculative, conclusory statements in order to establish that the vehicle in question was brought to Appellees' place of business for repairs. See Appellant's Brief at pages 21 and 22. At first blush, it bears noting that conclusory statements will not support a summary judgment. See *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991).

In any event, Appellant is attempting to rely upon speculative hearsay testimony offered by Gomez and Grifaldo in order to establish that the vehicle in question was brought to Appellees' place of business for repairs, thereby establishing the "possession" or "right to exercise control." See Appellant's Brief at 20. However, even the portions of Gomez' testimony offered by Appellant confirm that Gomez did not know how Rodriquez got the vehicle. *Id*. In addition, a review of the record confirms that Grifaldo's testimony does not support the position for which Appellant has offered it. Rather, Grifaldo has explicitly stated that the vehicle was not going to be taken to Appellee's place of business for repair.  1st S.C.R. 38, page 2, lines 2-22 – 1st S.C.R. 39, page 3, lines 1-14.

Further, Appellant is attempting to establish Appellees "right of control" by relying on the legal premise that a mechanic, such as Appellees, has the right to control a vehicle that is placed into possession for repair. See Appellant's Brief at page 19. While Appellees do not dispute the legal premise per se, the most obvious problem with Appellant's logic is that the undisputed evidence contained in the record confirms that the vehicle was ***never placed into Appellees' possession for repairs.***

In this instance, Appellees did not control the vehicle in the slightest degree. In fact, Appellees never came into possession of the vehicle at any point in time. As explained by Alexander Buentello, the sales manager for Appellee, Texas Car Stereo, the vehicle in question was never left under the control of Appellees. 2nd S.C.R. 50-53 at p. 12, line 20 – p. 13, line 16; p. 14, line 11- p. 15, line 9. This lack of control and possession is further established by the testimony of Rodriguez.

For example, by way of Rodriguez's own testimony, he confirmed that he did not drive the vehicle in question, to or from Texas Car Stereo before the accident. 2nd S.C.R. 63 at p. 74, lines 10-15. Further, according to Edson Carrizales, the manager installer for Texas Car Stereo, the first time Rodriguez came in to Texas Car Stereo on the day of the accident was in the afternoon, when he mentioned to Mr. Carrizales that he had been in an accident. 2nd S.C.R. 37-39 at p. 11, line 20-p. 13, line 3. Ex. 2, at 11:13-12:16. Therefore, any vehicle driven by Rodriguez was not obtained by him while at Texas Car Stereo.

Furthermore, prior to the accident, Rodriguez did not tell Appellees that he intended to bring the vehicle in for service, nor did they authorize him to do so. 2nd S.C.R. 40-41 at p. 14, line 2 – p. 15, line 5; 2nd S.C.R. 49-53 at p. 11, line 3 – p. 13, line 3; 2nd S.C.R. 62 at p. 73, lines 3-19. Therefore, not only was the vehicle not left with Appellees, Appellees had no connection to the vehicle prior to the accident. In fact, Appellees virtually knew nothing about the vehicle prior to the accident. 2nd S.C.R. 49-53 at p. 11, line 20-p. 15, line 5; 2nd S.C.R. 62 at p.73,

11

lines 3-19. Thus, as a matter of law, Appellees did not control the vehicle. Because Appellees did not own, possess or exercise control of the vehicle in question, an essential element of Appellant's cause of action was not met and summary judgment was proper.

**b.     No entrustment by Appellees**

In addition to falling short of proving Appellees' control/possession over the vehicle, Appellant cannot demonstrate that Appellees entrusted the vehicle to Rodriguez. For example, by way of Appellant's own admission, Appellant has failed to cite to evidence indicating that Appellees entrusted the vehicle to Rodriquez and simply stated to this Appellate Court that there is "no other conclusion to draw." See Appellant's Brief at page. 22.

Contrary to Appellant's position, Appellees have provided ample evidentiary support which completely negates entrustment. Entrustment can be proven by establishing that the owner permitted the driver to use the vehicle. *See Soodeen v. Rychel,* 802 S.W.2d 361, 262-63 (Tex. App.—Houston [1st Dist.] 1990, writ denied). The evidence demonstrates as a matter of law that Appellees did not entrust the vehicle to Rodriguez.

The only people at Texas Car Stereo generally authorized to drive customers' vehicles were Edson Carrizales, Alexander Buentello, and Bill Arafat. 2nd S.C.R. 34 at p. 8, lines 2-14. Rodriguez was a general laborer for Texas Car Stereo, whose job involved installing and painting tires. 2nd S.C.R. 48 at p. 7, lines 9-13. While the managers or salesmen at Texas Car Stereo drove customers' vehicles in special circumstances or at the request of the customers, Rodriguez

was not authorized to drive these vehicles for any reason, either on or off the premises of Texas Car Stereo. 2nd S.C.R. 50-51 at p. 12, line 20 – p. 13, line 16; *see also* 2nd S.C.R. 34-36 at p. 8, line 2- p.10, line, 1. In fact, as both Mr. Carrizales and Mr. Buentello testified, if an employee was caught driving a customer's vehicle home off the property for the night, that employee would be fired. 2nd S.C.R. 35 at p. 9, lines 18-21; 2nd S.C.R. 51-52 at p. 13, line 20 – p. 14, line 3. Rodriguez was never entrusted with a customer's vehicle or any other company vehicle. 2nd S.C.R. 50-51 at p. 12, line 20-p. 13, line 16. Furthermore, Rodriguez did not drive the vehicle in question, or any other vehicle, home from Texas Car Stereo the night before the accident. 2nd S.C.R. 49-50 at p. 11, lines 3-8 and p. 12, lines 11-19; 2nd S.C.R. 59-63 at p. 70. Lines 14-25 – p. 74, line 15. Rather, after work on July 8, 2011, Rodriquez retrieved the vehicle in question from Grifaldo's residence. 2nd S.C.R. 59-60 at p. 70, lines 14- p. 71, line 11.

The day of the accident, Rodriguez did not come in to work at Texas Car Stereo as scheduled—he came later in the day to borrow money because he said he had been in an accident. *Id*. Prior to the accident, Rodriguez did not tell Appellees that he was bringing the vehicle in for service, nor did they authorize him to do so. 2nd S.C.R. 49-50 at p. 11, line 24-p. 12, line 10; 2nd S.C.R. 40-41 at p. 14, line 22 – p. 15, line 5; 2nd S.C.R. 62-63 at p. 73, lines 3-19, p. 74, lines 10-15.

Based on the foregoing, it is clear that Appellees did not entrust the vehicle to Rodriguez. Thus, an essential element of Appellant's cause of action fails and summary judgment was proper.

**III. Rodriguez was not acting in the scope of his employment for Appellees at the time of the accident.**

The general rule is that an employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. *Minyard Food Stores, Inc. v. Goodman,* 80 S.W.3d 573, 577 (Tex. 2002). The Texas Supreme Court held that for an employee's acts to be within the scope of employment "the conduct must be of the same general nature as that authorized or incidental to the conduct authorized." *Id., citing Smith v. M Sys. Food Stores, Inc.,* 297 S.W.2d 112, 114 (1957).

Moreover, "if an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *ITT Consumer Fin. Corp. v. Tovar,* 932 S.W.2d 147, 158 (Tex. App.— El Paso 1996, no pet.). When an employee departs from his or her work to accomplish a personal purpose not connected to the employer's business, the relationship of employer and employee is temporarily suspended and the employer is not liable for the employee's acts during the period of the suspension. *Southwest Dairy Products Company vs. De Frates,* 132 Tex. 556, 125 S.W.2d 282 (Tex. 1939); *Calhoun vs. Hill,* 607 S.W.2d 951 (Civ. App. - Eastland 1980, no writ history); *Gifford - Hill & Company vs. Moore,* 479 S.W.2d 711 (Civ. App. Tyler 1972, no writ history). Additionally, an employer is not liable for intentional torts, even when committed in connection with the employee's work, if the employer would not reasonably expect the act to occur in view of the servant's duties. *Millan*

14

*vs. Dean Witter Reynolds,* 90 S.W.3d 760 (Tex. App. - San Antonio 2002, no pet. h.).

### a. *Rodriguez was not acting within the scope of his general authority*

The only person at Texas Car Stereo generally authorized to drive customers' vehicles was Edson Carrizales. 2nd S.C.R. 34 at p. 8, lines 2-14. While the manager or salesmen drove customers' vehicles in special circumstances or at the request of the customers, Rodriguez was not authorized to drive customers' vehicles at any time. 2nd S.C.R. 34-36 at p. 8, line 2- p. 10, line 1; *see also* 2nd S.C.R. 50-51 at p. 12, line 20 – p.13, line 16. In fact, as Mr. Carrizales testified, if an employee was caught driving a customer's vehicle home off the property for the night, that employee would be fired. 2nd S.C.R. 35 at p. 9, lines 18-21. Rodriguez was never entrusted with a customer's vehicle or any other company vehicle. *See* 2nd S.C.R. 50-51 at p. 12, line 20- p.13, line 16; 2nd S.C.R. 59-63 at p. 70, line 11-: p. 74, line 15.Furthermore, Rodriguez did not drive the vehicle in question, or any other vehicle, home from Texas Car Stereo the night before the accident. *Id. See also* 2nd S.C.R. 49-50 at p. 11, lines 3-8 and p. 12, lines 11-19; Therefore, any vehicle driven by Rodriguez was not obtained by him while at Texas Car Stereo and was not being driven under the scope of his authority at Texas Car Stereo. Thus, the evidence establishes that Rodriguez was not acting within the scope of his general authority at the time of the accident.

### b.     *Rodriguez was not acting in furtherance of Defendants' business*

The day of the accident, Rodriguez did not come in to work at Texas Car Stereo as scheduled—he only came to Texas Car Stereo's premises later in the day to borrow money because he said he had been in an accident. 2nd S.C.R. 37-38 at p. 11, line 12 - p. 12, line 16. Prior to the accident, Rodriguez did not tell Appellees that he was bringing the vehicle in for service, nor did they authorize him to do so. 2nd S.C.R. 49-50, at p. 11, line 24- p. 12, line 10; 2nd S.C.R. 40-41 at p. 14, line 22- p. 15, line 5; 2nd S.C.R. 59-63 at p. 70, line 11-: p. 74, line 15.

Rodriquez further established that he was not acting in the furtherance of company business at the time of the accident. Rather, Rodriquez was running a personal errand. Specifically, Rodriguez testified as follows:

Q:     And you got up the following morning, Saturday, July 9th, and you left your apartment around 7:30 a.m., is that correct?
A:     Yes…


Q:     And I believe you stated that you were going to a junk yard to buy a part for friend of yours, is that correct?
A:     Yes.


Q:     Did you make it to the junkyard that morning?
A:     No…


Q:     So, the accident happened before you got to the junkyard, is that correct?
A:     A lot before.


Q:     And you were driving Ms. Grifaldo's car because you were doing her a personal favor and trying to figure out if you could help get the alarm fixed, is that correct?
A:     Yes, exactly.

Q: And no one at Texas Car Stereo told you to drive the car into the shop did they?

A: No.

Q: …so no one at Texas Car Stereo knew you were bringing the car in that day did they?

A: No.

Q: And because of the accident, you never made it to Texas Car Stereo on July 9, 2011, is that correct?

A: No, I didn't get there.

Q: And Ms. Grifaldo's car never made it to Texas Car Stereo that day did it?

A: Never got there.

Q: Did anyone at Texas Car Stereo ever ask you to bring in customer cars for repairs?

A: This had nothing, absolutely nothing to do with Texas Car Stereo.

Q: And it had nothing to do with Texas Car Stereo because you were doing a favor for a friend, correct?

A: It was a favor on my part.

Q: …I also understand that before you even intended to go to work, you were running an errand for another friend, is that correct?

A: Yeah, before I was going to another place.

Q: You were going to the junk yard for another friend of yours, correct?

A: Yes, a junk yard.

Q: And you intended to do that first before you went to work, correct?

A: That was my intention.

Q: And the accident happened before you made it to the junkyard, is that correct?

A:     Before I got to the junkyard.

2nd S.C.R. 59-63 at p. 70, line 11-: p. 74, line 15.

Assuming arguendo that Rodriguez was commuting to work at the time of the accident, an employee is generally not in the course and scope of his employment while driving to and from work. *See Wilie v. Signature Geophysical Svcs., Inc.,* 65 S.W.3d 355, 358 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Battarbee v. Transp. Ins. Co.,* No. 05-01-0086-CV, 2002 Tex. App. Lexis 737, at *5 (Tex. App.—Dallas Feb. 1, 2002, no pet.); *Ginther v. Domino's Pizza, Inc.,* 93 S.W.3d 300, 302 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). This rule is premised on the idea that an injury occurring while traveling to and from work is caused by risks and hazards incident to driving on public streets, which has nothing to do with the risks and hazards emanating from a person's employment. A presumption does arise that an employee is within the course and scope of his employer's business when evidence is presented that the employer employed the driver and furnished for use in his employment the vehicle involved in the incident. *See Broaddus v. Long,* 138 S.W.2d 1057, 1059 (1940). This presumption is a mere rule of procedure and the presumption vanishes when positive evidence to the contrary is introduced. *Garcia v. City of Houston,* 799 S.W.2d 496, 498 (Tex.App.-El Paso 1990, writ. denied).

As indicated above, the evidence in our case explicitly establishes that Rodriquez was forbidden from driving any customer vehicles and was running a

18

purely personal errand at the time of the accident. Therefore, the evidence establishes that Rodriquez was not acting in furtherance of Appellee's business as a matter of law.

### c. *Rodriguez was not acting to accomplish an object for which he was hired*

As established by testimony from Mr. Buentello, Rodriguez's job for Texas Car Stereo was as a general laborer:

Q:  What kind of work did Miguel do for Texas Car Stereo?
A:  General labor, helping out in the back, whatever was needed of him, throwing out the trash, tire installs, painting tires.

Q:  When you say "in the back," what do you mean by in the back?
A:  I mean back in the shop. We have the front shop which is the sales area, and we do our installation and repairs in the back of the building. So I consider it the back.

2nd S.C.R. 48 at p. 7, lines 9-19. As established *supra,* Rodriguez was not authorized to drive customers' vehicles, either on or off Texas Car Stereo's premises. As such, Rodriguez's job never involved driving customers' vehicles on public roads. In fact, Rodriguez was not working at all when the accident occurred—as he did not even come in to work that day. 2nd S.C.R. 37-38 at p. 11, line 13- p. 12, line 16; 2nd S.C.R. 59-63 at p. 70, line 11-: p. 74, line 15. In summary, Rodriguez, who worked on tires and never drove vehicles during his employment for Texas Car Stereo, got into a car accident while off the clock in a vehicle that was not being worked on by Texas Car Stereo. In no way was Rodriguez acting to accomplish an object for which he was hired, and therefore as a matter of law he was outside the scope of his employment for Appellees.

### *d.* Deviation

Appellant attempts to maintain the position that Rodriquez was in the course and scope because Appellee ultimately would have benefited from the repair work in the event that the vehicle ever made it to Appellee's place of business. In support of this argument, Appellant relies on, inter alia, *Arbelaez v. Just Brakes Corp.,* 2004 WL 1114572 (Tex.App.-- Austin 2004, no pet. h.). In *Just Brakes,* a Just Brakes employee arrived at work and shortly thereafter received his "first assignment" of the day, which was to pick up breakfast for himself, his manager, and his other coworkers. *Id.* at *1. While engaging in this first assignment and while driving his own vehicle, the employee collided with the plaintiff. *Id.* The plaintiff filed a negligence lawsuit against the employee and also alleged that Just Brakes was vicariously liable for the acts of its employee. *Id.* During discovery, the plaintiff learned of several facts that allegedly supported his vicarious liability claim. *Id.* These facts included the following: (i.) the employee was asked by his manager to obtain breakfast for the crew as the employee's "first assignment" of the day; (ii.) the employee's breakfast run was a daily routine, both at this and other Just Brakes locations; (iii.) Just Brakes benefited by having only one employee out of the shop at a time; (iv.) the employee's manager paid him $10/week in gas money to run this errand; and (v.)

the employee was on the clock and paid by Just Brakes for the time spent running this errand. *Id* at *2. Just Brakes filed a traditional motion for summary judgment, asserting that it was not vicariously liable for the employee's negligence because the employee was not acting within the course and scope of his employment at the time of the accident. *Id.* Even after considering the foregoing evidence, the trial court granted Just Brakes' motion. *Id.* Admittedly, a divided Court of Appeals reversed the summary judgment in favor of Just Brakes and remanded the case back to the trial court. *Id.* at *6. In so doing, the Court of Appeals pointed to three specific factors that forced it to overturn the summary judgment. *Id.* at *4 - 5. As explained below, these three factors ***do not*** exist in this case. (emphasis added). Accordingly, summary judgment was and is proper because the factors that required a reversal in *Just Brakes* are not present in this case.

First, the Austin Court of Appeals pointed out that the summary judgment evidence established that the employee's manager affirmatively asked the employee to make the breakfast run for the shop. *Id.* at *4. Here, Rodriquez acknowledges that his trip to the junkyard was not for the Appellees, but rather a personal errand for a friend. 2nd S.C.R. 59-63 at p. 70, line 11-: p. 74, line 15.

Based on the foregoing, Rodriquez clearly knew that the purpose of his trip was not for the Appellees, but rather a personal errand for a friend. In *Just*

*Brakes,* the Court was persuaded by evidence that the errand was actually the employee's "first assignment" of the day, and was performed at the direct request of a manager. *Just Brakes,* 2004 WL 1114572, *4. This case does not present the same evidence that troubled the *Just Brakes* court because Appellees did not direct Rodriquez to drive the vehicle in question and Rodriquez was strictly running a personal errand. 2nd S.C.R. 49-50, at p. 11, line 24- p. 12, line 10; 2nd S.C.R. 40-41 at p. 14, line 22- p. 15, line 5; 2nd S.C.R. 59-63 at p. 70, line 11-: p. 74, line 15.

The *Just Brakes* court then turned to Just Brakes' argument that the employee deviated from his employment because the breakfast run was for purely personal purposes. *Id.* The court acknowledged that the breakfast run served a personal purpose (i.e., the employee got breakfast), but disposed of this argument by pointing out that the breakfast run was the employee's "first assignment" of the day. *Id.* In so doing, the court pointed to several cases, also relied upon by Appellant, holding that, even when an employee's acts serve a personal purpose, the employee may still be within the course and scope of employment when there is a mix of personal and business purposes. *Id.* citing *Gilgon, Inc. v. Hart,* 893 S.W.2d 562, 568 (Tex.App.--Corpus Christi 1994, writ denied) (employee's actions may still be within course and scope of employment even if private matters are mixed with business errand); *Josey-Miller Co. v. Sheppard,* 357

22

S.W.2d 488, 490 (Tex.Civ.App.--Beaumont 1962, no writ) (employee still within course and scope even when "there is a mingling of the master's business with the servant's business). Implicit in this "mixed purpose" reasoning is the concept that an employee cannot be within the course and scope of his employment when the employee's acts serve purely a personal purpose. In this regard, the Texas Supreme Court has held:

> "It is the firmly settled rule that when a servant completely departs from his work to accomplish some purpose of his own not connected with his employment, the relation of master and servant is thereby temporarily suspended and the master is not liable for his acts during the period of such suspension."

*Southwest Dairy Prods. Co. v. DeFrates,* 125 S.W.2d 282, 283 (Tex. 1939).

In this case, Rodriquez completely deviated from his work at Texas Car Stereo to participate in a purely personal errand. As established *supra,* Rodriguez was not authorized to drive customers' vehicles, either on or off Texas Car Stereo's premises. As such, Rodriguez's job never involved driving customers' vehicles on public roads. In fact, Rodriguez was not working at all when the accident occurred—as he did not even come in to work that day. Further, Rodriquez acknowledged that the trip to the junk yard was purely for personal purposes. 2nd S.C.R. 37-38 at p. 11, line 13- p. 12, line 16; 2nd S.C.R. 59-63 at p. 70, line 11-: p. 74, line 15. Thus, this case presents a different set of circumstances than those that forced the *Just Brakes* court to overturn Just Brakes'

summary judgment. As the Texas Supreme Court clearly articulated, a purely personal errand suspends the master's liability for the acts of the servant. Therefore, summary judgment was and is proper.

Further, as indicated above, the undisputed evidence establishes that Rodriquez was running a personal errand at the time of the accident. Thus, not only was Rodriquez *not* in the course and scope of his employment, Rodriquez was *not even in route* to his place of employment at the time of the accident. Appellant's attempt to extrapolate the argument that Rodriquez was in the course and scope because the "route of Rodriquez' personal errand" was the same as the "route Rodriquez would have taken to work". However, this argument is nonsensical, speculative, not supported by any references or authority and fails to raise a genuine issue of material fact.

## IV.   No Fact Issue as to whether Appellees were grossly negligent

It is well-established that, under Texas law, a finding of ordinary negligence is a prerequisite to maintaining an action for gross negligence and a plaintiff who cannot support a negligence cause of action cannot succeed on gross negligence. *See, e.g., Hall v. Stephenson,* 919 S.W.2d 454, 467 (Tex.App.—Fort Worth 1996, writ denied); *Shell Oil Co. v. Humphrey,* 880 S.W.2d 170, 175-76 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Wortham v. Dow Chem. Co.,* 179 S.W.3d 189, 198-99 (Tex.App.—Houston [14th Dist.] 2005, no pet.).

Since summary judgment was and is proper on Appellant's negligence claims, as discussed above, the gross negligence cause of action must fail as a matter of law.

To prove an action for gross negligence in Texas, Appellant must prove the following elements:

> 1. the act or omission, when viewed objectively from the defendant's standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> 2. the defendant had actual, subjective awareness of the risk, but still proceeded with a conscious indifference to the rights, safety, or welfare of others.

TEX. Civ. PRAC. & REM. CODE § 41.001 (11); *Lockett v. HB Zachry Co.,* 285 S.W.3d 6, 77 (Tex.App.—Houston [1st Dist.] 2009, no pet.).

Appellant has cited to no evidence supporting either element of Appellant's gross negligence claim. "Extreme risk" means the likelihood of serious injury to the plaintiff, not merely a remote possibility of injury. *Lockett,* 285 S.W.3d at 77. There is no evidence offered by Appellant that any act or omission by Appelles involved an extreme degree of risk. Likewise, "actual awareness" means that the defendant knew about the danger, but the defendant's acts or omissions demonstrated that it did not care. *Id.* Appellant has referenced no evidence that Appellees had actual awareness of the danger, yet was consciously indifferent to the welfare of Appellant because even if Appellees knew of the danger of allowing Rodriguez to drive, Appellant has offered no evidence that Appellees took any action allowing Rodriguez to drive the vehicle in question. In sum, Appellant cites to *no* summary judgment evidence to support the various

25

statements suggesting a fact issue as to whether or not Appellees were grossly negligent. See Appellant's Brief at pps. 36 -37. Rather, Appellant attempts to rely on self-serving, speculative, conclusory statements. Again, conclusory statements will not support a summary judgment. See *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991). Therefore, summary judgment was and is proper as to Appellant's gross negligence claim.

In conclusion, the trial court's order granting Appellees' Traditional and No-Evidence Motion for Summary Judgment does not specify the grounds upon which same was granted. C.R. 14. As stated above, if, as here, the order granting summary judgment does not specify the grounds on which summary judgment was granted, a court of appeals should affirm the summary judgment if any theory advanced in the motion for summary judgment supports the granting of the summary judgment. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

As enumerated above, Appellees sought a traditional and no-evidence motion for summary judgment on the basis that they did not own, possess or control the vehicle; that they did not entrust the vehicle to Rodriguez and that Rodriguez was not acting in the scope of his employment for Appellees at the time of the accident. The trial court properly granted Appellees' traditional and no-evidence motion for summary judgment. As such, Appellees respectfully requests that same be affirmed.

## PRAYER

For the reasons stated above, Appellees Nabeel "Bill" Arafat and U.S. Car Sale and Repair, LLC also d/b/a Texas Car Stereo submits that the trial court properly granted its motion for summary judgment, and respectfully pray that the trial court's judgment be in all things affirmed, with costs taxed against Appellant.

**GERMER PLLC**

By:_____
TROY A. WILLIAMS
State Bar No. 00788678
ROBIN N. BLANCHETE
State Bar No. 24045509
333 Clay St., Suite 4950
Houston, Texas 77002
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
twilliams@germer.com
rblanchette@germer.com

**ATTORNEYS FOR APPELLEE
NABEEL "BILL" ARAFAT AND
U.S. CAR SALE AND REPAIR, LLC
ALSO D/B/A TEXAS CAR STEREO**

27

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b),(d), (e), I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded by certified mail, return receipt requested and facsimile on this 29th day of July, 2015, to the following:

*(713) 621-8909*
Joshua Leske, Lead Counsel
Young & Husain, P.L.L.C.
2700 Post Oak Blvd., Ste. 1220
Houston, TX  77056

_____
Robin N. Blanchette

NO. 01-15-00161-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

**CAMILLO MARTINEZ O/B/O DECEASED, YOLANDA MARTINEZ
APPELLANT
V.
NABEEL "BILL" ARAFAT D/B/A TEXAS CAR STEREO
APPELLEES**

Original Proceeding from the
270th Judicial District Court
of Harris County, Texas
Cause No. 2011-44754-A

**APPELLEES/DEFENDANTS NABEEL "BILL" ARAFAT AND U.S. CAR
SALE AND REPAIR, LLC ALSO D/B/A TEXAS CAR STEREO'S
APPENDIX**

LIST OF DOCUMENTS

1.     Order Granting Summary Judgment to Defendant Nabeel "Bill" Arafat and
U.S. Car Sale and Repair, LLC also d/b/a Texas Car Stereo, signed on
December 17, 2014.